Opinion of the Court.
Charles Cummins and William Kennedy, op the 25th of April 1783, agreed to exchange lands. Cummins bound himself to convey to Kennedy four hundred acres of land in the then district of Kentucky, in the county of idncoln, on the waters of Harrod’s creek; and Kennedy bound himself to convey to Cummins eight hundred acres of land, of equal quality, on the waters of Lickt ing, on the south side of the stream. Cummins obtained, by virtue of his pre-emption warrant, only two hup- *119 tired and forty-eight acres and one quarter of land, instead of the four hundred acres contemplated by his contract. This first named quantity was patented in his name, on the 30th of May 1785. In compliance with so much of his contract with Kennedy, Cummins, on the 13th of November 1802, conveyed the said 248 1 — 4 acres to James Kennedy and Benjamin Beall, the former the son and devisee, and the latter the son-in-law, having married the daughter and remaining devisee of William Kennedy, who, in the mean time, had departed this life. James Kennedy and Beall were also the administrators of William Kennedy, with his will annexed; which will gave power to his execu'tors, who did not act-, to sell lands or convey them in discharge of all his previous contracts, together with other powers over his real estate. On the same 13th of November 1802, the said James Kennedy and Benjamin Beall conveyed, in discharge of so much of their testator’s contract of exchange, four hundred arid ninety-six and one half acres, in the county of Bourbon, on the south, side of Main Licking, patented fin the name of William Kennedy, on the 10th day of May 1787, binding themselves to warrant and defend the said tract against all and'every person ,.or persons, so far as the assets of the said William Kennedy should extend. This latter tract the said Charlps Cummins, by deed dated the 14th of June 1811, conveyed to Robert E. Cum-mins, the plaintiff in error, expressing the consideration of $500, and containing a clause warranting the land against himself and his heirs, and all persons claiming under him or-them; and the said Robert brought thig, action in the court below, in covenant, against James Kennedy, the surviving grantor of the deed to Charles Cummins, assigning a breach of the warranty of the deed of said James Kennedy and Beall, which conveyed the tract in Bourbon.
On the trial of the cause, the question presented itself, what was the proper criterion of damages recoverable? The plaintiff in that court contended, that the value of the 248 1 — 4 acres of land in Lincoln, on the 13th of November 1802, the day when conveyances were exchanged, with interest and costs of eviction, wa's the proper measure of damages; or if that was not the proper measure, that the value of 49 G 1-2 acres in Bourbon, described ia tljie deed declared on, at fye date *120 Of the conveyance, was the proper measure, including, its interest and costs. The defendant below, on the contrary, contended, that the value of the 248 1-4 acres in Lincoln, on the 25th of April 1Í83, the day when the bargain for the exchange was first made, with its interest and costs, or the value of the 496 1-2 acres in Bourbon, on the same day, with its interest and costs, was the proper criterion;
The court reserved these questions, and the jury, by consent, found conditional verdicts, subject to the opinion of the court on the proper measure of damages. The jury accordingly found for the plaintiff below, and assessed the value of both tracts exchanged, on the 25th of April 1783, with interest, &c. tobe $1,027 6 1-2 cents; but if the 248 1-4 acres in Lincoln, on the 13 th of November 1802, with interest, was the proper measure, they assessed the damages to $5,358 53 1-2 cents; They also assessed the value of the 496 1-2 acres in Bourbon, on the said last named day, with its interest, to be $3,529 25 cents. The court, after time for deliberation, gave judgment for the smallest sum, to wit, for the value of the land given in exchange by Cum-mins, on the 25th of April 1783. To reverse this judgment, and to obtain judgment for one of the other sums found by the conditional verdict, Cummins, the plaintiff below; has prosecuted this writ of error. His right to a larger judgment is resisted here, not only on the ground that the measure of damages allowed is proper, if he is entitled to any; but also, that the record shows, by questions raised in his favor and ruled against him, that the plaintiff is entitled to nothing, or at ail events, not so great a recovery as he has already obtained. It will, therefore, be proper for us to investigate these previous questions; for if the plaintiff has gotten a Judgment for something, when he was entitled to less, ot to nothing, he ought not to be allowed to complain; and if he is wronged by the judgment, and it must for that cause be reversed, it is the settled rule of this court,to go back to the point where the first error occurred,- and there commence the correction.
1. The first of these preliminary questions relied upon, arises out of a plea of the defendant, which was overruled on demurrer. This plea alleged that -this suit was founded and brought on account of a contract of the testator, William Kennedy, and that it had been *121 snore than five years since he, the defendant, qualified us administrator with the will annexed, upon the estate of said decedent; and'that it had been five years since the cause of action accrued to the plaintiff; ,and that he, said administrator, before the compiencement of this suit, had distributed all the estate of said decedent, pwjiich had come to his hands, according to law, and had Settled his áccounls with the proper court.”
The act of 1819 limiting' the time of bringing suits against execr-utors and administrators, is conlined to actions on contracts made by thb decedent.
Contracts made by executors or administrators, although in fulfilment of an executory contract made by the decedent, afe not within the act.
A covenantof general warranty is trans fern d by deed of convey anee wit'ontgenc-ral warranty, and the grantee in such deed may bring suit in consequence of the warranty to the grant-- or.
The design of this plea must have been to rely on the fifth section of an act passed February 9thv 1819, 1 Dig. L. K. 537, limiting the time of bringing suits against executors and administrators. But this act expressly confines itself to suits brought on contracts made by the testator or intestate. This contract, al-. though it arose out of an executory contract made by the decedent, yet is made the contract of the administrator himself, by his own act. He executed the conveyance, and personally and individually bound himself, in a clause of warranty, as far as the assets^ of his testator extended. It would, then, have ho force against the distributees, as such. It is a covenant at its creation, subject to no limitation by statute; and to give the act in question such a construction as to bear upon it, would virtually annul the contract of the administrator, and change its obligations. Such contracts are not Within-- either the letter or spirit of the act, and the court below, therefore, did right in overruling the plea.
The remaining questions which were made in the court below, contesting the plaintiff’s right to a recovery, arise out of motions to exclude the whole evidence, or to instruct the jury as in case of a nonsuit.
,2. According to principles heretofore recognized in this court, a remote grantee, in the case of eviction, has a right, by virtue of the several transfers or deeds, to commence suit against the first warrantor, his warranty being a covenant which runs with the land, and the right of action, in case of a breach, is held by the remote grantee. In this situation stood Robert E. Cum-mins, the now plaintiff. But as the conveyance to him from Charles Cummins does not contain a clause of general warranty, but only a special clause, warranting against the said Charles and his heirs, and also recites a small consideration of only $500, it may be contended, that he has no right to recover, or at all events only his purchase money, with its interest; and these ques *122 tions were involved in the points made for the defen*, dant.
On the first of these questions; to wit, the lack of a clause of general warranty between Charles and Robert E. Cummins, it does not thence follow, that ©n a .breach of the warranty at the common law, Robert E. Cummins, the plaintiff, could not, when impleaded for the land, have vouched the first warrantor, or have brought his writ of warrantia charla. The rule is, that all persons named in the deed, such as heirs and assigns, could vouch, or bring the writ, and in some cases even where not named; and generally, all privies in estate had the like remedy. The deed of the defendant in this instance warranted the land “ to him, bis heirs and assignsand it was not necessary that the grantee should bind himself in a like warranty, to constitute Robert E. Cummins an assignee. . The deed contains-no stipulation against his standing in that capacity, and passes the estate as completely as if a general warranty was annexed; and therefore he may have his action of covenant, which we have adopted, since vouchers are taken away, and have applied to cases which could be relieved by the ancient remedy. Many analogous cases to the present, are found in the authorities relative to-the ancient remedy. For instance, if the father be en-feoffed with warranty to him and to his heirs, and he en-feoff his eldest son with warranty, and dietb, the law gives the son advantage of the warranty made to his father, although by act of law the warranty between the father and son is extinct. Again, if aman makes a-feoffment in fee, with warranty, to him, his heirs and . assigns, by deed, and the feoffee enfeoffeth another by parol, the second feoffee shall vouch or have a warranties, charla, as assignee, although he has no deed of the assignment; because the deed comprehending the warranty doth extend to the assignee of the land, and he is a sufficient assignee, though he hath no deed. 1 Inst. 384 b. 385 b. Bacon’s Abr. title Warranty, letter N. This latter case is more strong than the present, and fully justifies the right of the present plaintiff, as as-signee of the covenant, to recover of the defendant, and shows that he has the right to take advantage of the first warranty, notwithstanding his immediate deed contains no similar clause.
Whore, at the time of the execution; ofa deed,the grantor is not in possession,' but the land is held-by adversary claimants under an elder patent, an ejectment brought by the grantee and a successful defence by the tenants in possession, will give -the grantee the same right to an action on the warranty which an eviction would
As to a less consideration being expressed in his deed, less need be said. The.fi&rties must be presumed to have known the law, andTpe gave the sum, risking the holding of the land and his recourse on the defendant, if he failed to hold it. The sum paid by him does not affect the extent of the covenant of the defendant. He could be botmd for no more, by any larger consideration passing between Charles and Robert E. Cummins; nor could his liability be diminished, by a less consideration. The main question is, has Robert E. Cummins, the plaintiff, a right to stand in the place óf Charles; and take advantage of the covenant? This we have already answered in the affirmative, and it follows, that he has the legal right to make the defendant responsible-to the extent of Ms undertaking.
The next and most material objection relied on, to the recovery of the plaintiff, is, that he has shown no legal eviction of the land-conveyed to him, and of course there is no breach of the covenant. •
3. The eviction, or rather that which the plaintiff relies on as a substitute for an eviction, is the following: The land conveyed to him, to wit the 496 1-2 acres in Bourbon, was taken possession of by sqndry persons, against whom, relying upon his title, he brought an ejectment in the Bourbon circuit court. These settlers set up against him and proved a grant for the whole land, elder in date than that of William Kennedy, conveyed by the defendant and Beall as his representatives, and thereby defeated his recovery. This record of the Bourbon circuit court he has set out in his declaration, and alleged a paramount and elder title as the cause of his defeat; and he exhibited that record in evidence, and proved the actual existence of that elder title on the ground, or this trial, and relies on it as equivalent to an eviction by title paramount; and the question is, can this warrant his recovery?
In solving this question, we cannot expect much light from ancient authorities. According to them, he who was impleaded must vouch his warrantor, and at the close of the transaction, if he lost, recover other lands of equal value against his warrantor, or lose his re-, course. According to our rules, if h'e has possession, and another brings his action and evicts him, he sues on his covenant, and on proving that he gave notice of the action of eviction against him. to his warrantor, s$, *124 as to enable him to defend it, or that the recovery was had against him by title paramount, so that neither he nor his warrantor could have defended successfully, this, prima facie, sustains the breach of the covenant, and entitles him to recover; and more has not been required, where the warrantee has stood as a defendant or tenant in the action of eviction. It is difficult to assign any good reason why the same proof should not maintain the breach, where he bad the attitude of a plaintiff or demandant. In the first case, he has entered and is ousted by title' paramount; in the latter, be is prevented from entering and enjoying, by a title of the same character. In one case, that title may drive him from the land, so soon as he is on it; in the other,be is precluded from the least enjoyment, or even entering there. The effect is the same, or worse, in the latter case than the former, and is produced by' the same cause. Wher ther the settlers on this land were' there before the date of either of the deeds, does not appear in the cause; but if pey were there, and the land was held adversely to Kennedy’s representatives, it was, according to the statutes of this country, as expounded by the supreme court of the United States and this court, the subject of sale and conveyance; and as in that situation it could be conveyed and warranted, the warrantors ought to be subject to the same remedy, on proof of their title being defeated by a paramount title, as they' would be in case of the paramount title evicting their grantees; otherwise conveyances of land with warranty, held by an adverse possession under a paramount claim, could never be '‘Token. The law would allow such conveyances and admit the validity of the contract, and yet he ignorant of any remedy to enforce it, because the grantee could never enter. Such an absurdity ought not to be permitted.
We are aware that the supreme court of New-York has decided that a legal eviction is necessary'to support a breach of warranty. See Greenby vs. Wilcocks, 2 John. 1; Folliard vs. Wallace, ibid 395; Kent vs. Welch, 7 John. 258; Sedgwick vs. Hollenback, ibid 376. This doctrine we are not disposed to contest; and it ought perhaps to apply to all cases where the possession was actually de-. livered with the deed. But that court has never decided that a defeat in pursuing the possession by legal process, where the parties are reversed, would not be *125 an equivalent. If, however, such should be the decision, in a country where conveyances of land held by an adverse possession are void, the rule ought to be different in this country, where such conveyances are permissible and valid. We, therefore, conceive that the plaintiff in this case has shown a right to recover, to an amount equal to his judgment, and that his right to enlarge it, is not impaired by the objections of the defendant, made against it.
The value of the land at of am¡e° Wh~ interest and °°sts' forms ofSa^esiu an action on a covenant of 'van anty'
The price a tually given°" for it, is the of its6 value°e
Even where payment has j a foríthTdetS was executed? and the r¡Sgn in the mean t5.me!tbe sum noTthVrworth ofthelandaf time the eoutefMs the
The inquiry then remains, whether the court’adopted the proper criterion in rendering the judgment on the conditional verdict?
4. The general rule, settled by a current of authorities, is, that as the conveyance completes the sale, the value of the land conveyed, at the date of the convey-anee, with interest and costs, forms the criterion of damages; and also, that the price stipulated, is the best evidence of that value. And where the parties have shown that price in the conveyance, it wpuld not perhaps be going too far, to say that they ought to be concluded by it. Hence, if the consideration was paid long before the date of the deed, still, if it is expressed, it would fix the criterion, though the land, when conveyed, had greatly risen in value. In this case, however, the parties have shown what constituted the consideration; but still its then value is uncertain, because it consisted in land, the price of which was not fixed. It is not necessary now to say, that in every case, the parties, where the deed did not fix the price, should be confined to its date, and could, in no case, travel back and show that the consideration had passed long before, and of course was of less value; for in this case there are circumstances which show that the warranty ought to be measured by the general rule, notwithstanding the contract was made in 1783, with the testator of the defendant. The contract is modified, and does not contain as-much, when completed by conveyance, as it did in 1783; and the parties have nof only included the land in Lincoln, but also expressed one dollar as tional consideration. This may be supposed to be, and in fact may be, merely nominal; but in all siesbetween the same parties, it must be treated as real. Hence, such a consideration alone will support a deed; but if it can be impeached, and shown to be fictitious, the deed would fall, without a consideration to support.' *126 it. We, then, see nothing to distinguish this case from the case of Marshall's heirs vs. M'Connell’s heirs, decided at the spring term 1822, which we conceive tobe so analogous, as to govern this. Still, however, the question recurs, which of the tracts, at the date of the conveyances, ought tobe taken? - That in Lincoln, or the one in Bourbon? No doubt, the parties, at the date,rated the two at an equal value; and if that value was known, we should not hesitate to adopt it. But that is unknown, and all we have now, is the assessment of each tract by a jury, founded on the memory and opinion of witnesses, as to the value of the respective tracts at that day; and this has determined the tract in Lincoln to be then most valuable. • The value of the thing convoyed by the deed of warranty which is broken, is, however, still the proper measure. Hence, the tract in Bourbon must be taken. And the assessment of the tract in Lincoln, by a jury now, without regard to -what the parties then estimated it, cannot' aid in fixing the value of the tract in Bourbon. It may prove that the parties then estimated the tract in Lincoln too Jow, or that in Bourbon too high; hut that will give no additional claim to the plaintiff. He must be satisfied with the value of what he lo^t. The only pretext for taking the value of the Lincoln tract, must be afforded by applying the doctrines regulating an exchange, technically so called, in which the party evicted gains or recovers the tract which he gave in exchange, to remunerate him. The parties in this case, however, by their own conveyances, have converted this transaction into a case of bargain and sale; and, of course, the warranty must have the same meaning and effect as such warranties in other cases. The court below, then, erred in taking the value in 1783, and ought to have rendered the judgment for the sum of $3,529 25 cents, the value of the tract in Bourbon, on the 13th of November 1802, when the conveyance was actually made.
1 Litt. Rep. 419;
Where the consideration given was another tract of land, the value of the land conveyed, and not of that given in consideration, is the criterion of damages.
The judgment must, therefore, he reversed with costs, and directions given them to enter judgment according to this opinion.