. WILLIAM DONLON *vs.* OWEN J. EVANS.

May 21, 1889.

| 40 | 501 |
| 41 | 265 |
| 41 | 281 |
| 40b | 501 |
| 55 | 253 |
| 40b | 501 |
| 80 | 160 |

**Contract to Convey Land—Failure of Title—Damages.**—The plaintiff sold and conveyed to defendant a certain tract of land in this state. As part-payment therefor the defendant caused to be conveyed to plaintiff a large quantity of land in another state, by the warranty deed of another party, in whom defendant asserted the legal title to said land rested. In fact, the plaintiff took nothing by said deed, because neither his grantor nor defendant had any title whatsoever to the land. *Held*, that plaintiff was entitled to recover from the defendant the value of the land at the time it was conveyed, with legal interest.

**Same—Evidence of Value—Declarations of Defendant.**—*Held, further*, that statements as to value made by the defendant during the negotiations and the consideration expressed in the deed to plaintiff, (to which the de-

fendant was a subscribing witness, and which he delivered in accordance with his agreement to cause the land to be conveyed to plaintiff,) were competent evidence of value.

**Same—Evidence.**—Several assignments of error examined, and *held* to be without merit.

Appeal by defendant from a judgment of the district court for Scott county, where the action was tried by *Edson*, J., without a jury.

*Hale & Peck*, for appellant.

*Peck & Brown*, for respondent.

Collins, J. Stripping the complaint in this action of some immaterial allegations respecting the defendant's fraudulent acts and practices in the transaction, and which simply tend to distract attention from the real issue, it contains enough to justify the demand for judgment with which it concludes. It sets forth a sale of real estate by plaintiff to defendant for a stipulated amount, of which one-half was to be and was paid in cash or its equivalent upon the delivery of a deed. For the balance of the purchase price it states that the defendant was to convey or cause to be conveyed to plaintiff, by a good and sufficient deed, a specified tract of land which he claimed to own in a sister state, although the legal title thereto rested in another person. Then follow averments as to the value of the land; that defendant caused it to be conveyed to the plaintiff by a warranty deed executed and delivered by the person mentioned as having the legal title; that plaintiff obtained no title whatsoever by said conveyance; and that, in fact, neither plaintiff's grantor nor said defendant ever held any right, title, or interest in or to any part of the demised premises. The unnecessary allegations before mentioned are that when plaintiff delivered his deed and accepted the other he relied upon defendant's statements and representations as to title, and that they were false and fraudulent. The plaintiff's right of action, as developed in the complaint, depends not upon these false and deceitful statements and representations, but accrued upon defendant's failure to carry out his agreement. He had contracted to give to plaintiff a good and sufficient deed of the lands in question. The plaintiff was entitled to a conveyance which would vest in him a perfect title to the premises, clear of all defects and incumbrances,—*Drake* v.

*Barton,* 18 Minn. 414, (462,)—and he alleges that he got nothing whatsoever. The answer substantially admits that plaintiff obtained no title to or interest in said lands by means of said conveyance. It states the contract price of plaintiff's land to have been no other or greater sum than $2,500. It somewhat inconsistently avers that, by the terms of the contract between these parties, the defendant was to pay for the premises the sum of $2,500 in cash and "a deed to other lands," and that the deed mentioned "was a part of the whole amount, to wit, $2,500." It also takes issue as to the immaterial allegations before mentioned, but to which no further allusion need be made. The case was tried by the court without a jury, and its findings of fact are to the effect that all of the allegations of the complaint are true. Judgment is ordered for the amount demanded in the complaint, and this amount is made a specific lien upon the land conveyed to the defendant. From an entry of judgment in accordance with this order he appeals, alleging as erroneous several rulings made by the court upon the admission and exclusion of testimony, and that the findings are, in some respects, not supported by it.

The written contract entered into between these parties, of date December 21, 1886, is not definite or specific in its terms, but from it and the deed to defendant of the Scott county real estate,—both being in evidence,—and from the defendant's answer, incongruous though it may be, it is manifest that the plaintiff was to receive certain other lands in exchange or in part-payment for his property. These the defendant caused to be conveyed by warranty deed, also in evidence, in which the consideration is expressed at $2,500. With an admitted failure of title to these lands, it would seem that plaintiff should be permitted to recover their value of the defendant, if the finding on the point of value is supported by the testimony. As before stated, the contract is silent upon the question of value, but in the deed which the defendant secured from another party, (in whom he claimed the legal title rested,) delivered to the plaintiff in the execution of his part of the agreement, and to which he was a subscribing witness, the consideration is placed at the sum for which judgment was ordered. The testimony is abundant, also, that pending the negotiations, and when making the trade with plaintiff, the

defendant repeatedly asserted the lands which he proposed to transfer to be of the value finally determined by the court. These assertions are admissions by the defendant of such value, and competent evidence thereof. *Dayton* v. *Warren*, 10 Minn. 185, (233;) *Weaver* v. *Mississippi, etc., Boom Co.*, 28 Minn. 542, (11 N. W. Rep. 113.) The finding was therefore warranted by the testimony.

This brings us to a consideration of the alleged errors in the admission and rejection of testimony, complained of by the appellant. We have suggested that the measure of damages in this case, and the real question at issue, is the value of the lands which the plaintiff bargained for and did not get. Much of the testimony received by the court as to what was said and done by the parties prior to the execution of the written contract was immaterial, but, at the same time, harmless. In their conversations are found the statements or admissions of value before alluded to as competent evidence, and as tending to establish the actual worth of the lands. This testimony in no manner tended to vary or contradict the terms of a written instrument, for in this writing the value of the lands was not mentioned. Through these conversations and by other testimony plaintiff was permitted to show that the sum of $5,000 was verbally fixed by the parties as the price of the Scott county land, and that subsequently, in a written agreement, which was destroyed upon the execution of the contract of December 21st, $5,000 was mentioned as the consideration for a deed thereof. To the reception of this defendant objected, because the contract recited the consideration as $2,500 "and other lands," while in the deed itself the expressed consideration was $2,500 "and trade." Had the plaintiff's action depended upon a right to recover an unpaid balance of the alleged purchase price, parol evidence would have been admissible to show the real consideration, notwithstanding the recitals in the contract and deed. *Dayton* v. *Warren, supra; Bolles* v. *Sachs*, 37 Minn. 315, (33 N. W. Rep. 862.) It follows that written evidence, or, in case of the loss or destruction of the writing, parol evidence of its contents, is admissible for a like purpose. The defendant could not have been prejudiced by the introduction of the testimony, because it did not bear upon the main contention, which was the value of the lands contracted for.

Finally, the defendant urges that the trial court ruled erroneously in refusing to allow him to show the value of the land deeded to him by plaintiff, and what price the latter put upon it on the 21st of December. This was immaterial. It was of no consequence, for the plaintiff was entitled to receive from defendant the lands in another state in addition to the sum of $2,500. There can be no controversy over this, for the contract so states, the deed clearly indicates it, and the answer virtually admits it. If the title failed, the defendant cannot respond by asserting that he, in fact, paid all or more than the tract of land deeded to him was worth, or more than it had previously been offered for. The plaintiff, having failed to obtain the lands, was entitled to recover their value at the time they were deeded to him, with legal interest on that sum. 2 Suth. Dam. 418, and cases cited.

Judgment affirmed.