EMMA HOLM *vs.* VILLAGE OF CARVER.

Argued by appellant, submitted on brief by respondent, Oct. 26, 1893. Affirmed Nov. 13, 1893.

No. 7836.

**Charge to the jury.**

The refusal of special requests to charge the jury is not error where the substance of them has been already given in the general charge.

**Charge as to contributory negligence construed.**

A certain instruction considered, and *held* that, in the light of the entire charge, it could not have been understood as meaning that plaintiff might recover notwithstanding some degree of contributory negligence on her part.

Appeal by defendant, the Village of Carver, from an order of the District Court of Carver County, *Francis Cadwell*, J., made July 1, 1892, denying its motion for a new trial.

On the west side of the street called Broadway in the Village of Carver was a sidewalk made of pine plank. On June 30, 1891, the plaintiff, Emma Holm, while going along this sidewalk carrying a house lamp stepped upon a loose plank in the walk and was thrown down and her right knee was injured. She brought this action to recover damages for this personal injury. The defendant answered, that the place where the accident occurred was in the outskirts of the village where sidewalks had never been authorized, that this short piece of walk was built and maintained by the owner of the abutting lot for his own convenience, that defendant had no notice of any defect in the walk and that plaintiff lived in the immediate vicinity and was accustomed to travel over it nearly every day and knew of the defect in the walk and her injury was caused by her own negligence, in going carelessly over the walk which she knew to be old and out of repair.

The issues were tried March 25, 1892. The defendant requested the Judge to charge the jury as follows:

8th. If the plaintiff was familiar with the sidewalk at the place where the accident occurred and it was out of order, there is strong probability that she must have known there were loose planks there, and it became her duty to be careful and prudent, in view of the knowledge which she had.

9th. If the jury find that the plaintiff was familiar with the walk in question and its condition and passed over it daily, it was her duty, if it was out of order, to take more than ordinary care in passing over it on the day she received the injury complained of, and it was her duty to be more vigilant if she knew of the defect than if she had been ignorant of the fact that it was out of condition.

The Judge refused to give these requests, but in his charge to the jury said:

If that sidewalk was built by a private individual on the street without authority of the Village Council, nevertheless, after it was built and the Village Council suffered and allowed it to remain in the street, it was the duty of the village to keep it in safe repair and in proper condition for travel. To recover, the plaintiff must prove that she was injured without any fault or neglect on her part. It is the duty of persons who have occasion to use the sidewalk to use ordinary caution and care; and if they do not do that, they contribute to the injuries they receive. If you find that the injuries she received were the consequence of her own fault, although the village was negligent and had not performed its duty, still she cannot recover. The defendant is bound by law to use all reasonable care, caution and supervision to keep its streets and sidewalks in a safe condition for travel in the ordinary modes for travelling, and if it fails to do so it is liable for injuries sustained in consequence of such failure, provided the party injured is herself exercising reasonable care and caution; and the fact that the plaintiff may in some way have contributed to the injury sustained by her, will not prevent her recovery if by ordinary care she could not have avoided the consequences to herself of the defendant's negligence.

If you believe from the evidence that the place where the accident to the plaintiff occurred was in a dangerous condition and such dangerous condition of the sidewalk in question was known to the plaintiff, then the plaintiff was required to use more than ordinary care and caution to avoid the accident, and if she failed to do so and thereby contributed to the injury, she cannot recover in this action.

If you find that the sidewalk was dangerous and so known to be, by the plaintiff, it was her duty in passing over and along it to use more than ordinary care and caution to avoid injury, and if she

failed so to do she was guilty of contributory negligence and cannot recover in this action.

The defendant duly excepted to each of these refusals to charge and to these parts of the charge. The jury returned a verdict for plaintiff and assessed her damages at $1,000. The defendant moved for a new trial. Being denied it appeals.

*Frank Warner* and *Southworth & Coller*, for appellant.

*W. C. Odell* and *H. J. Peck*, for respondent.

MITCHELL, J. Action to recover for personal injuries caused by the defendant's neglect to keep a sidewalk in safe condition for public travel.

An examination of the record satisfies us that upon the question of defendant's negligence the evidence made a fair case for the jury, and that upon the question of plaintiff's contributory negligence the most that could be claimed in behalf of the defendant was that the evidence also made a case for the jury.

There was no error in the court's refusal to give the requested instructions numbered eighth and ninth, for the reason that they were substantially given in the general charge.

The only thing in the record that raises even a serious suggestion of error is the remark of the court in its general charge that "the fact that the plaintiff may in some way have contributed to the injury would not prevent her recovery if by ordinary care she could not have avoided the consequences to herself of defendant's negligence." That the court did not mean that plaintiff might recover notwithstanding that her own negligence contributed to the injury is clearly indicated by the last clause of the instruction itself. Although, perhaps, not very fortunately expressed, what the court evidently meant was that the mere fact that plaintiff contributed to the injury would not prevent her recovery, unless the contributory acts were negligent.

Probably the court had in mind the fact that plaintiff had previous knowledge that the sidewalk was out of repair, or possibly the fact that at the time of the accident she was carrying some articles in her hands or arms which made her more liable to fall when her foot went down through the broken plank.

Standing alone, the instruction might have been somewhat misleading, but, in view of the entire charge, it could not have been understood by the jury as meaning that plaintiff might recover notwithstanding some degree of contributory negligence. The court repeatedly and explicitly instructed the jury that to entitle her to recover she herself must have been in the exercise of reasonable care and caution, and had clearly defined what constituted reasonable care; also that if plaintiff knew that the sidewalk was in a dangerous condition it was her duty, in passing over it, to use more than ordinary care and caution to avoid injury, and, if she failed to do so, she was guilty of contributory negligence, and could not recover. The other assignments of error are not of sufficient importance to require special notice.

Order affirmed.

(Opinion published 56 N. W. Rep. 826.)

Argued by appellant, submitted on brief by respondent, Oct. 18, 1893. Reversed Nov. 13, 1893.