55 249
s65 100

JAMES SLOCUM, JR., *et al. vs.* EDWARD B. BRACY *et al.*

Argued Oct. 25, 1893.    Affirmed Nov. 13, 1893.

No. 8175.

### Contract to convey is fulfilled when a deed is accepted.

Where a deed has been accepted as full performance of an executory contract to convey real estate, the contract is merged in the deed, upon which alone the rights of the parties thereafter rest; and, in case the deed contains no covenants, and there be no ingredient of fraud or mistake of fact, the grantee cannot recover back the consideration paid because of failure of title.

### Although the deed accepted varies from the one contracted for.

And this is so although the deed thus accepted varies from that stipulated for in the contract, as where the vendee accepts the deed of a third party in lieu of the deed of his vendor.

### Burden of proof of acceptance.

But the deed of the third party not being what the contract called for, the burden is upon the vendor to prove that it was accepted as performance of his contract. It would also be competent for the vendee to prove by parol that it was not accepted as performance of the contract, or only accepted as such conditionally. Such evidence would not contradict the terms of the deed, or tend to prove that it was not to be operative as a conveyance according to its terms.

### Evidence considered.

*Held,* however, that the evidence in this case conclusively proved that the deed of the third party was unconditionally accepted as performance of the vendor's contract to convey.

Appeal by plaintiffs, James Slocum, Jr., and Amelia M. Slocum his wife, from an order of the District Court of Carver County, *Francis Cadwell,* J., made January 23, 1893, denying their motion for a new trial.

On September 12, 1888, plaintiffs made a contract with defendants, Edward B. Bracy and O. T. Letcher, by which plaintiffs sold and transferred to defendants a stock of goods, store and platform scales at Norwood, Minnesota, valued at $14,300, and defendants agreed to convey to plaintiffs within thirty days thereafter by good and sufficient deeds in fee, clear of all incumbrances, seven quarter sections (1,120 acres) of land described in the contract and

situated in South Dakota, valued at $8 per acre ($8,960) and pay the balance in cash. Among the Dakota lands was the northwest quarter of section twenty six (26), T. 104, R. 62, in Davison County, for which Jonas R. Learned then held the final receipt of the Receiver of the Local Land Office of the United States, but the patent therefor had not been issued. At the request of defendants, Learned and wife conveyed this quarter section to the plaintiff, James Slocum, Jr., by quitclaim deed and the deed was accepted by plaintiffs as part performance of the contract. In all other respects the contract was performed by the parties thereto as stipulated therein. The United States afterwards cancelled the Receiver's receipt for fraud in obtaining it and refused to issue a patent for this quarter section. The plaintiffs brought this action in 1892 upon the contract to recover $1,280 and interest for failure to convey this quarter section. The defendant Bracy only was found and served with process. He answered that the quitclaim deed from Learned and wife was accepted by plaintiffs in performance of the contract to convey that quarter section and denied the other allegations of the complaint. The issues were tried September 21, 1892. When the plaintiffs' evidence was all in, the Court dismissed the action, saying; "As I view the case now I am satsfied that defendant's motion to dismiss must be sustained for the reason that no damages have been proved." Plaintiffs excepted, moved for a new trial and being denied appeal.

*Fletcher, Rockwood & Dawson,* for appellants.

A quitclaim deed for one hundred and sixty acres of the Dakota land executed by Learned was offered by the defendants to plaintiffs. This deed the plaintiffs recorded. But neither Learned nor defendants ever had any title to the land. The plaintiffs offered to prove that it was not accepted as performance, but the Court ruled that the burden was upon the defense to show that it was accepted as a performance. When plaintiffs' evidence was all in, the Court dismissed the action on the ground that plaintiffs' damages were not shown.

The contract was evidence of the value of the land, and it was admitted without objection; likewise the quitclaim deed of Learned, which defendants delivered to plaintiffs. *Donlon* v. *Evans,* 40 Minn.

501; *Bennett* v. *Phelps*, 12 Minn. 326; *White* v. *Street*, 67 Tex. 177.

Even if no value were shown, the presumption is that the land has some value and plaintiffs should recover nominal damages. *Maxcy* v. *New Hampshire Fire Ins. Co.*, 54 Minn. 272.

Defendants' objections were all based upon the assumption that the obligations of the contract were merged in the deed and that the gist of plaintiffs' action was to engraft obligations upon the deed itself, or to prove an oral contract contemporaneous with the deed. Plaintiffs' cause of action was simply for failure of the defendants to perform the original written contract. *Donlon* v. *Evans*, 40 Minn. 501; *Keyes* v. *Minneapolis & St. L. Ry. Co.*, 36 Minn. 290; *Reynolds* v. *Franklin*, 39 Minn. 24.

In the absence of evidence as to the title, the burden was upon the defendant to show that Learned had a good title. The general rule is that the burden is upon the party asserting the affirmative. *Cornell* v. *Andrus*, 36 N. J. Eq. 321; *Breckinridge* v. *Todd*, 3 T. B. Mon. 52; *Wade* v. *Greenwood*, 2 Rob. (Va.) 474; *Smith* v. *Pearson*, 44 Minn. 397.

*Edgerton & Maclay*, for respondent.

The plaintiffs waived all objections to the quitclaim deed from Learned and finally settled the whole matter April 6, 1890.

The plaintiffs' own testimony is that they received the quitclaim deed and recorded it and had it still in their possession at the time of the trial. There could be no clearer proof of acceptance and such acceptance could not be conditional. The delivery of a deed is absolute, when made to the grantee, and title vests immediately, even against the expressed intention of the parties. This acceptance ended their right to sue on the contract.

The contract of sale and the alleged parol agreement were merged in the quitclaim deed. *Whittemore* v. *Farrington*, 76 N. Y. 452; *Cable* v. *Foley*, 45 Minn. 421; *Clark* v. *Lindeke*, 44 Minn. 112; *Bruns* v. *Schreiber*, 43 Minn. 468; *McLean* v. *Nicol*, 43 Minn. 169; *Fritz* v. *McGill*, 31 Minn. 536; *Pearce* v. *McGowan*, 35 Minn. 507; *Whitney* v. *Smith*, 33 Minn. 124; *Thwing* v. *Davison*, 33 Minn. 186; *Thompson* v. *Libby*, 34 Minn. 374.

In the present case the law implies that when the quitclaim deed

was accepted, it was a fulfillment of the contract to convey and such presumption is conclusive. The legal effect of the deed as a consummation of the prior contract cannot be altered by parol. *Bull* v. *Willard*, 9 Barb. 641; *Long* v. *Hartwell*, 34 N. J. Law, 116; *Houghtaling* v. *Lewis*, 10 Johns. 296; *Howe* v. *Barker*, 3 Johns. 506; *Isett* v. *Lucas*, 17 Ia. 503; *White* v. *Boyce*, 21 Fed. R. 228; *Warren* v. *Jacksonville*, 15 Ill. 236.

We respectfully submit that although the lower Court may have been wrong in placing the dismissal of the action upon the ground stated, yet the action should have been dismissed upon the grounds named by defendant in his motion of dismissal made at the close of the plaintiffs' evidence, and therefore the dismissal was proper.

MITCHELL, J. This was an action to recover the consideration paid for land which defendants contracted to convey to plaintiffs by "a good and sufficient deed, free of all incumbrances," but which it is alleged they had failed to convey, and were unable to convey, by reason of want of title.

Stripped of immaterial matter, the answer was that defendants had performed by procuring a quitclaim deed of the land to plaintiffs from a third party whose title "rested upon final receipts of the receiver of the United States land office," which deed plaintiffs had accepted as full performance of defendants' contract.

The reply admitted the execution of this quitclaim deed, but denied that plaintiffs had accepted it as performance of the contract, and alleged that, at the time of the execution of the deed, it was agreed between plaintiffs and defendants that "it should not be deemed performance of the contract, except in the event that a patent for the land should be issued by the government;" that the entry of the land was canceled by the government, and hence no patent issued, by reason whereof there was an entire failure of title.

No rule of law is better settled than that, where a deed has been executed and accepted as performance of an executory contract to convey real estate, the contract is *functus officio*, and the rights of the parties rest thereafter solely on the deed. This is so although the deed thus accepted varies from that stipulated for in the contract, as where the vendee accepts the deed of a third party in lieu of the deed of his vendor; and as, in the sales of land, the law re-

mits the party to his covenants in his deed, if there be no ingredient of fraud or mistake in the case, and the party has not taken the precaution to secure himself by covenants, he has no remedy for his money, even on failure of title. What is said in *Donlan* v. *Evans*, 40 Minn. 501, (42 N. W. Rep. 472,) seems to conflict with this doctrine, but this question was not involved in that case. The complaint alleged false and fraudulent representations as to the title of the grantor in the deed. The court found this allegation to be true, and the evidence abundantly sustained the finding. This fraud was the real gist of the cause of action in that case.

The deed of a third party not being what the executory contract called for, the burden was on the defendants, as the trial court correctly held, to prove that plaintiffs accepted the deed in performance of the contract. But it was not necessary to prove that plaintiffs expressly agreed, in so many words, to accept it as performance; the fact might be proved by the acts of the parties, and other circumstantial, but equally persuasive, evidence.

The evidence is conclusive that this quitclaim deed was executed and unconditionally delivered to plaintiffs with reference to this executory contract; also that plaintiffs accepted it as a conveyance with reference to that contract and in lieu of a deed from the defendants, and then proceeded to settle and close up the transaction on that basis. This certainly made out at least a *prima facie* case for the defendants that the deed was accepted in performance of the contract. If there were any conditions attached to this acceptance, the burden was then cast on plaintiffs to prove it.

There would be a very clear distinction (apparently not fully kept in mind by counsel) between plaintiffs merely accepting the instrument as a conveyance and their accepting it as performance of defendants' contract.

We therefore think that it would have been competent for plaintiffs to have proved by parol the allegation of their reply that their acceptance of the deed as performance of defendants' contract was only conditional. Such evidence would not contradict the terms of the deed, or tend to prove that it was not to be operative as a conveyance according to its terms. But the defect in plaintiffs' case is that they produced no sufficient evidence to rebut defendants' evidence that the deed was accepted as performance of the executory

contract, or to show that there was any such condition attached to its acceptance, or such as is alleged in the reply.

The only evidence offered having the least tendency in that direction was that, after the entry of the land was canceled, the defendants made some attempts to get a rehearing before the secretary of the interior, in order to get the entry reinstated. While this fact might be of some weight as corroborative of some other and better evidence, yet, standing alone, it amounted to nothing.

Therefore, in our opinion, the evidence as it stood conclusively showed that plaintiffs accepted this quitclaim of a third party as performance of defendants' executory contract to convey, and hence, there being no element of fraud or mistake in the transaction they were not entitled, under the rules of law already referred to, to recover the consideration paid because of failure of title. On this ground the action was properly dismissed, and whether the trial court assigned the right reason is not material.

Order affirmed.

(Opinion published 56 N. W. Rep. 826.)

Application for reargument denied November 21, 1893.