CASE 17—ACTION BY J. M. THOMAS AGAINST CARROLL CHENAULT, &C.
FOR BREACH OF WARRANTY IN THE CONVEYANCE OF LAND.—NOV. 22.

# Carroll Chenault, &c., v. Thomas.

APPEAL FROM MONTGOMERY CIRCUIT COURT—JOHN E. COOPER, CIRCUIT
JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. AFFIRMED.

COVENANTS—WARRANTY OF TITLE—EVICTION BY PARAMOUNT TITLE—
PETITION—SUFFICIENCY—NOTICE OF ACTION RESULTING IN EVIC-
TION—MEASURE OF DAMAGES—WITNESSES—COMPETENCY—TRANS-
ACTIONS WITH DECEASED PERSON.

1. In an action for breach of warranty of title, allegations
that, in a suit against plaintiff, it had been determined that de-
fendants did not, at the time of their conveyance to plaintiff,
own the interest which they conveyed, and that plaintiff was thus
evicted from a part of the land, were sufficient to show that the
eviction was by paramount title.

2. In an action for breach of warranty of title, evidence that de-
fendants were parties to the action in which plaintiff was evicted,
together with a certified copy of the cross-petition filed against
the present defendants in the former case, a letter as to the
management of the defense from an attorney representing them,
and an execution issued against defendants on affirmance of the
former case on appeal, sufficiently showed that defendants had
notice of the action in which plaintiff was evicted, and were lia-
ble for costs and attorney's fees therein.

3. In an action for breach of warranty of title to land for which
plaintiff exchanged city lots, defendant was not prejudiced by
the adoption of the value of the lots as the measure of damages,
there being no evidence as to the cash value of the land.

4. Civil Code Practice, sec. 606, providing that no person shall testify
for himself concerning any verbal statement of, or transaction
with or act done or omitted by, a person who is dead when the
testimony is offered, does not prevent plaintiff in an action
against a decedent's representatives from testifying in his own
behalf, if his testimony relates to none of the matters mentioned.

5. Where an action is brought for breach of warranty of title by
eviction under paramount title, and not for deficiency in the
estimated acreage, the right of action accrues at the time of evic-

tion, though the tract conveyed did not contain as many acres as estimated.

C. W. GOODPASTER AND HAZELRIGG & CHENAULT, ATTORNEYS FOR APPELLANTS.

## POINTS AND AUTHORITIES.

1. Where one parcel of land is exchanged for another, no valuation of either being expressed in the deeds of conveyances in a suit on the warranty, the value of the land lost is the criterion of recovery. Cummins v. Kennedy, 3 Litt., 126; Simpson v. Hawkins, 1 Dana, 305.

2. An action to recover for a deficiency in the quantity of land sold is barred after the lapse of five years from the time it is paid for. Kentucky Statutes, secs. 2515 and 2519; Dye v. Holland, 4 Bush, 636; Nave v. Price, 21 R., 1538.

3. To enable a warrantee to recover attorneys' fees, costs, etc., paid by him in defending the title to the land lost he must allege that he gave the warrantor notice of the pendency of the suit or that the warrantor was a party thereto and failed to defend the title. Mercantile Trust Co. v. South Park Residence Company, 94 Ky., 279; Jones v. Jones, 87 Ky., 82; Booker v. Merriwether, 4 Littell; Dean v. Dean, 8 R., 419; Royal Ins. Co. v. Smith, 8 R., 521; Bogenschutz v. Smith, 84 Ky., —; Maddox v. 8 Bush, 402.

T. E. MOORE, JR., ATTORNEY FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. The measure of damage for a breach of warranty is the amount of consideration paid, or the value of the consideration, when the consideration is a commodity or real estate. Hodges v. Thayer, 110 Mass., 286; Sedgwick on Damages (7th Ed.), vol. 1, p. 347; Warvelle on Vendors, vol. 2, pp. 990, 1007; Taylor v. Knox's Heirs, 1 Dana, 391; Cox's Heirs v. Strode, 2 Bibb, 273; Hanson v. Buckner's Executors, 4 Dana, 251; Daugherty v. Duvall's Heirs, 9 B. M.; Robinson v. Lemon, 2 Bush, 301; Mercantile Trust Co. v. South Park Residence Co., 94 Ky., 271; Delvin on Deeds (2d Ed.), sec. 934.

2. To enable a warrantee to recover attorney's fees, costs, etc., paid by him the proper allegation is that the fees were reasonable and necessary, and the warrantor was a party to or had notice of the suit wherein the warrantee was evicted. Mercantile Trust Company v. South Park Residence Co., 94 Ky., 279; Warvelle on Vendors, vol. 2, p. 1010, sec. 13.

3. To constitute a good plea of limitation to an action on a breach of warranty, it must be alleged therein that the statutory time has elapsed since the cause of action accrued, and the cause of action does not accrue until the warrantee is evicted. Warvelle on Vendors, vol. 1, p. 439.

4. The appellee did not attempt to recover, nor did the lower court give him a judgment for any deficiency in the land conveyed.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

In 1881, Josiah Anderson, Maria L. Anderson (his wife), and B. Frank Chenault executed and delivered to the appellee, J. M. Thomas, their general warranty deed whereby they conveyed to him an undivided five-twelfths interest in a large boundary of land lying in Wolfe and Powell counties, Ky. The consideration for this deed was the conveyance by Thomas to them of three houses and lots situated in the city of Paris, Ky. Afterwards actions were instituted in Wolfe and Powell counties against appellee, by several parties, concerning the title to the land conveyed to him, but particularly by Howe & Marks and Permelia Fisher. These were finally all transferred to the Powell circuit court, and there consolidated, and on the 27th day of November, 1893, a final decree was rendered by which it was adjudged that appellee's grantors owned only an undivided five-twenty-fourths interest in the land conveyed by them, and that the remaining five-twenty-fourths interest which they undertook to convey to him belonged to Howe & Marks and Permelia Fisher. This judgment was afterwards appealed to this court, and affirmed in an opinion contained in 35 S. W., 1035, 18 Ky. Law Rep., 209, under style of Thomas, etc., v. Turner, etc. After being thus evicted from half of the undivided interest of land conveyed to him, the appellee instituted this action against Maria L. Anderson (her husband being dead) and the appellants Carroll Chenault, Cortland

Chenault, and Frank Chenault, as heirs at law of their father, B. Frank Chenault, who had also died in the meantime, to recover of them damages for a breach of the covenant of warranty in the deed to him; it being alleged, as to the Chenaults, that they had inherited and received from their father's estate property of greater value than appellee's claim against them. The issues between the parties were completed by various responsive pleadings and amendments thereto, and, the evidence being in, a judgment was rendered on the 10th day of February, 1903, in favor of appellee against appellants, for the sum of $2,408.21, with interest until paid. To revise which, this appeal has been prosecuted.

In favor of a reversal it is urged, first, that the petition is fatally defective in failing to allege that the eviction of appellee from one half of the land conveyed to him was by paramount title; and the case of Jones v. Jones, 87 Ky., 82, 9 R., 942, 7 S. W., 886, is cited in support of this proposition. The position is undoubtedly sound, and, if the petition is open to the objection named, the judgment must be reversed. The allegation with reference to the eviction is as follows: "Plaintiff (appellee) says that subsequently, in an action brought by Howe & Marks, Permelia Fisher, et al., as plaintiffs, against this plaintiff, et al., as defendants, the Powell circuit court, by judgment duly rendered, adjudged that said Andersons and said Chenault, who made said deed jointly to this plaintiff as aforesaid, did not own said five-twelfths interest in said land, and adjudged same to said plaintiffs in said action then pending in the Powell circuit court, and adjudged to said plaintiffs the possession of all of said land, save an undivided five-twenty-fourths interest therein, thus evicting this plaintiff from the possession and depriving him of the ownership of five-twenty-fourths interest

thereof, which had been conveyed to him as aforesaid." While
the word "paramount" does not occur in the foregoing quo-
tation from the petition, the language used is not susceptible
of any other construction than that appellee was evicted
by paramount title. The adjudication that his grantors
did not own the interest which he lost, but that Howe &
Marks and Permelia Fisher did, necessarily means that the
latter held the paramount title.

While admitting the right of a grantee who has been evict-
ed by paramount title to recover from his grantor, as part
of the damages for breach of the covenant of warranty,
his proper costs, including reasonable attorney's fees, it
is said that, in order to recover these, notice of the pending
action by which he was evicted must have been given to the
grantor; thus affording him an opportunity of defending
the title in his own way, and through his own counsel. And
it is urgently insisted that the pleadings in this case do not
contain the necessary allegation of notice to appellee's gran-
tors of the litigation in which he was evicted. By an amend-
ment of his petition, filed on the 17th day of September,
1902, appellee alleged that his grantors were parties to the
action in which he · lost the land, and the record
abundantly shows that they were actually aware of the liti-
gation and its progress. Appellee, in his deposition, testi-
fied that he filed a cross-petition against them, and files as
evidence thereof a certified copy of the pleading in question.
He testified that John J. Cornelison represented them, and
filed a letter from the former in regard to the proper man-
agement of the defense. He also filed an execution for $433.-
50 costs, which issued from this court against the appellants,
as the heirs of their father, and against the administrators
of B. Frank Chenault and appellee, in favor of Howe &
Marks, upon the affirmance of the case in which the eviction

Carroll Chenault, &c. v. Thomas.

took place. There can be no reasonable doubt that the ancestor of the appellants, and the appellants themselves after his death, were properly before the court in the case involving the title, and had actual notice of it. The uncontradicted testimony of appellee, together with the exhibits and vouchers which he files, conclusively show the validity of his claim for costs, counsel fees, etc., as allowed by the judgment, and the necessity for the outlay in defending the title to the land conveyed to him.

It is said that the judgment should be reversed because the court mistook the criterion of damages by adopting the value of the lots in Paris conveyed by appellee, instead of the value of the lost land conveyed by appellants' ancestor; and we are referred to the case of Cummins v. Kennedy, 3 Litt., 118, 14 Am. Dec., 45, in support of this position. It is not disputed by appellants' counsel that ordinarily the damages for a breach of covenant of warranty is presumed to be the money price paid for the conveyance, that being considered the agreed damages; but it is said that where parties exchange land, as in the case at bar, and there is a breach of the covenant of warranty, the value of the lost land at the time of the conveyance is the criterion. This is true, but the consideration, where that is known and definite, is sufficient evidence of the value of the land which has been lost by eviction. This is recognized in the opinion cited, it being said: "Still, however, the question recurs, which of the tracts, at the date of the conveyance, ought to be taken—that in Lincoln, or the one in Bourbon? No doubt, the parties plaintiff at the date rated the two at an equal value, and, if that value was known, we should not hesitate to adopt it. But that is unknown, and all we have now is the assessment of each tract by a jury, founded on the memory and opinion of witnesses as to the value of

the respective tracts at that date, and this has determined the tract in Lincoln to be then the most valuable. The value of the thing conveyed by the deed of warranty which is broken is, however, still the proper measure." In the case at bar the criterion was assumed to be the value of the Paris lots, which constituted the consideration for the conveyance to appellee, and this was abundantly proved by the evidence to be the sum fixed by the judgment. There was no evidence as to the money value of the land lost; there being neither effort on the part of appellants to show that it was less than that of the lots, nor on the part of the appellee to show that it was more. We therefore assume, as we have the right to do, that the parties regarded the consideration for the respective deeds between them to have been equal; and, this being true, no injury accrued to appellants in the selection of the criterion of damages.

The testimony of appellee in his own behalf is not within the inhibition of section 606 of the Civil Code of Practice because B. F. Chenault was dead at the time the deposition was taken. Appellee testified to no conversation or transaction had with, or any act done or omitted by, the dead man, and therefore the section of the Code has no application. But as there was no exception reserved as to his competency as a witness, the alleged error of permitting him to testify would not avail on this appeal.

Although there is some allusion in the record to the fact that the interest in the land conveyed to appellee did not. contain as many acres as estimated, this action is not for a deficiency in the estimated acreage, but is for a breach of the covenant of title. It follows, therefore, that the cause of action arose at the time of the eviction.

There was no attempt to sustain the plea of fraud or mis-

take in the insertion of the covenant of warranty in the deed to appellee.

The plea of coverture on the part of Maria L. Anderson, as a bar to appellee's action, was sustained by the court, and the petition, as to her, dismissed by the final judgment. There being no cross appeal by appellee, she is out of the case. B. Frank Chenault, appellant's ancestor, warranted only one-quarter of the land conveyed to appellee. The judgment against them is based upon their proper proportion of the whole liability. The costs, including counsel fees, considering the magnitude of the interests involved, the number of suits instituted concerning the land, and the fact that the litigation was actively in court for about 20 years, are very reasonable.

Perceiving no error in the record, the judgment is affirmed.

Petition for rehearing by appellant overruled.