## Linde v. Ellis.

(Decided May 22, 1928.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Exchange of Property.—Injured party may maintain action for damages for refusal or inability of the other party to perform an executory contract to exchange property.

2. Exchange of Property.—In general, damages recoverable in action for breach of executory contract to exchange land are such as are natural, direct, and proximate result of breach, and which reasonably might be presumed to have been within contemplation of parties as probable result of failure to perform agreement.

3. Damages.—Money spent in procuring a contract cannot be treated as an expense of performance of that contract or recoverable as damages for its breach.

4. Damages.—When collateral contracts or consequences are reasonably within contemplation of parties and grow out of primary contract, they may enter into calculation of losses incurred as result of breach of contract.

5. Damages.—Damages for breach of contract to make a covenant cannot be greater than that allowed for breach of covenant itself if it had been made.

6. Exchange of Property.—Damage recoverable for breach of executory agreement to exchange land, where defendant was unable to convey good title, was limited to consideration paid, since damage could not be greater than for breach of covenant of warranty.

7. Exchange of Property.—Plaintiff could not recover commissions paid or promised to real estate broker for procuring contract for exchange of real properties from party who failed to perform contract because he was unable to convey complete title, since such expenses or liabilities were incurred before contract was made.

8. Exchange of Property.—Plaintiff may recover expenses incurred in investigating title or reasonable fees paid or promised to an attorney for professional assistance in that respect, after contract is made, from defendant failing to perform contract to exchange land because he was unable to convey complete title.

9. Exchange of Property.—Plaintiff cannot recover traveling expenses while investigating property before contract for exchange of properties was made from defendant failing to perform contract because he was unable to convey complete title.

J. S. LUSCHER for appellant.

BECKHAM OVERSTREET for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This record raises the question whether commissions paid or promised to a real estate broker for procuring a contract for the exchange of real properties may be recovered from the party who failed to perform the contract because he was unable to convey a complete title.

The case presents a simple transaction and may be simply stated. Linde and wife jointly owned a house and lot in Louisville, Ky. Ellis owned a farm in Indiana. Each employed a real estate broker, and through their efforts a contract was negotiated and signed by Linde and Ellis for the exchange of the properties. The contract provided that each party should pay his own broker. Ellis tendered performance, but Linde was unable to carry out the contract because his wife, who owned a one-half interest in the lot, would not join in the deed. Thereupon this suit was filed by Ellis against Linde to recover damages, and he obtained a judgment for the sum of $275 promised to his broker, $25 for a fee he was obligated to pay an attorney for examination of the title to Linde's lot, and $16 for time lost and expenses in-

curred in making four trips to Louisville. Linde has entered a motion for an appeal.

Various remedies are available to the injured party for the refusal or inability of the other party to perform an executory contract to exchange property. 23 C. J. sec. 74 et seq., p. 227. An action for damages is recognized as appropriate. 39 Cyc. 1981; Donlan v. Evans, 40 Minn. 501, 42 N. W. 472; 23 C. J. sec. 75, p. 228; Harmon v. Thompson, 119 Ky. 528, 84 S. W. 569, 27 Ky. Law Rep. 181.

The measure of damages for the breach of an executory contract to exchange land is well defined and delimited by the decisions. In general, the damages recoverable are such as are the natural, direct, and proximate result of the breach (23 C. J. sec. 82, p. 232; 8 R. C. L. sec. 27, p. 459; 39 Cyc. 1991), and which reasonably might be presumed to have been within the contemplation of the parties, as the probable result of a failure to perform the agreement. Conversely, damages which do not flow naturally from the breach of a contract, or could not reasonably be assumed to have been within the contemplation of the parties when the contract was made, are not recoverable. The general rule for the measurement of damages in cases free from any element of fraud, where the vendor is unable to furnish a complete title, is the value of the land at the time of the contract of sale to be ascertained by the agreed consideration. 8 R. C. L. sec. 24, p. 454. Chenault v. Thomas, 119 Ky. 130, 83 S. W. 109, 26 Ky. Law Rep. 1029; Harmon v. Thompson, 119 Ky. 528, 84 S. W. 569, 27 Ky. Law Rep. 181; Smith v. Lamb, 26 Ill. 396, 79 Am. Dec. 381; Mecklen v. Blake, 22 Wis. 495, 99 Am. Dec. 74; Cummins v. Kennedy, 3 Litt. 118, 14 Am. Dec. 45.

Money spent in procuring a contract cannot be treated as an expense of performance of that contract or recoverable as damages for its breach. In Empire Realty Co. v. Sayre, 107 App. Div. 415, 95 N. Y. S. 371, it was said:

"It is to be observed that the broker's commissions which the present defendant seeks to recover had nothing to do with the obligations of either party under the contract itself. The commissions were not incurred in performing that contract, but in procuring it. The recoverable damages are such as flow from the breach, and they include, in addition to the

amount paid upon the purchase price, only the expenses incurred in the attempt to carry out the contract, and which were caused or assumed by its obligations.''

The damages recoverable must result directly from the breach of the contract, and when collateral contracts or consequences are reasonably within the contemplation of the parties and grow out of the primary contract, they may enter into the calculation of losses incurred. 17 C. J. sec. 115, p. 794. But there is no possible ground in law or logic for fixing the damages flowing from a breach of contract to convey land on the basis of expenses or liabilities incurred before the contract was made, and which the contract itself did not contemplate. 17 C. J. sec. 78, p. 748.

The damages for the breach of a contract to make a covenant cannot be greater than that allowed for a breach of the covenant itself, if it had been made. Cf. Crenshaw v. Williams, 191 Ky. 559, 231 S. W. 45, 48 A. L. R. 5; 7 R. C. L. sec. 97, p. 1177.

If the exchange of lands contemplated by the contract in this case had been consummated and the conveyance from Linde had contained a covenant of warranty, the failure of title would have operated as a breach of the covenant, but the damages recoverable would have been limited to the consideration paid. A like result must necessarily follow, when the breach occurs before the covenant is made and consists merely in lack of ability to convey a good title. 39 Cyc. 2006.

Allison v. Cocke's Ex'rs, 112 Ky. 212, 65 S. W. 342, 66 S. W. 392, 23 Ky. Law Rep. 1589, was an equity action for relief against the forfeiture of money paid which was decreed on condition of compliance with certain equitable principles permitting expenditures of every kind to be retained out of the funds on hand. The distinction between that case and an ordinary action for damages was carefully pointed out in the original opinion (112 Ky. at p. 229 [65 S. W. 342, 66 S. W. 392]), and in the response to a petition for rehearing (112 Ky. at p. 231 [65 S. W. 342, 66 S. W. 392]).

It is clear, therefore, that the court erred in allowing a recovery of the broker's commission in this case. The items of expense incurred after the contract was made, for traveling to Louisville and for obtaining the opinion of an attorney upon the title of the lot of Linde, rest upon a different basis.

It is settled by the weight of authority that necessary expenses incurred by the vendee in investigating the title, or reasonable fees paid or promised to an attorney for professional assistance in that respect, after the contract is made, and with a view of performance, are properly included in the damages recoverable, if the vendor fails to make a good title. Crenshaw v. Williams, 48 A. L. R. annotation at p. 59.

In this case the testimony was not clear that an obligation to pay an attorney fee was assumed by Ellis. The broker seems to have employed the attorney and paid him. The testimony differed as to the amount of the fee, and it may have been included in the settlement between Ellis, and the broker when the note was given. It also appears that at least a portion of the traveling expense allowed Ellis was incurred before the contract was made, which could not properly be included. The case may be tried again, and, in such event, the court will limit the recovery consistently with the principles of this opinion.

The motion for an appeal is sustained, appeal granted, and judgment reversed.

Whole court sitting.