## McCart vs Lewis.

2bm267
110 871

APPEAL FROM THE FLEMING CIRCUIT.

*Deed. Sealed instruments. Partners and Partnership.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

DEBT.

*Case* 87.

*April* 22.

ACCORDING to the arbitrary doctrine recognized and settled by our predecessors, and applied even since our statute of 1812, as to sealed writings, the partner, who in this case signed and sealed the bond for money, had no implied authority from the mere partnership to bind the other partner by such a sealed writing.

One partner has no implied authority, from the mere fact of partnership, to bind his co-partner by sealed instrument—

We are satisfied, however, that an express authority by parol, or an authority implied from a subsequent recognition of the obligation as executed, would be sufficient for making the bond the deed of the plaintiff in error who did not, in person, sign and seal it: *Gram* vs *Seaton and Buckner*, and the numerous cases therein cited, 1 *Hall's N. York Rep.* 262.

An express authority by parol will be sufficient to authorize one partner to bind his co-partner by a sealed instrument, and such authority may be inferred by subsequent recognition of the obligation as executed.

But, in this case there was no direct or clear proof of any such express authority or recognition, and the instructions given by the Court assumed that the partnership itself implied a sufficient authority in one partner to bind the other by seal.

The judgment must, therefore, be deemed technically erroneous, for though the surety in the bond may be entitled to restitution from the plaintiff in error, if he was previously liable for the debt for which the bond was executed; yet that fact cannot make the bond legally enforcible against him unless he authorized the seal, or subsequently recognized directly or impliedly.

Judgment reversed and cause remanded for a new trial of the issue of *non est factum*, on the plea of the plaintiff in error.

*Payne and Waller* for appellant; *Cavan* for appellee.