JUDGE PETERS
delivered the opinion op the court:
Crawford and Long formed a1 copartnership, for the purpose of carrying on the dairy business. Long contracted a debt with Mrs. Fisher for borrowed money and the hire of a negro man, and gave a note therefor, with appellant as his surety. The services of the slave were devoted exclusively to the business of the firm, and the money borrowed was all applied in the same way, and was borrowed for that purpose. Long, however, signed his individual name to the note, and he and Hikes were sued upon it. The action was discontinued as to him, and judgment rendered against Hikes alone. He then replevied the debt, with Long as his surety, who signed the replevin bond as he did the note, not putting the 3rm name or that of Crawford’s to the bond.
Hikes paid off the bond after its maturity, and brought this action against' Long & Crawford for the amount he had thus paid for the firm. Crawford, at the proper time, put in an answer traversing the material facts alleged against him; and afterwards, when the action was set down for trial, asked leave of the court to file an amend *21 ed answer, relying upon the statute of limitations as a bar, and filed the affidavits of himself and attorney, setting forth reasons why this defense was not relied upon in the first answer. For the reasons stated in these affidavits, the court below permitted the supplemental answer to be filed, and appellant excepted.
The law and facts were then submitted to the judge, who decided that the debt was merged or satisfied by the execution of the replevin bond by Hikes, and his cause of action then accrued against Crawford; and as more than five years had elapsed from that period to the commencement of this action, appellant was barred, and so adjudged, and Hikes seeks by this appeal to reverse that judgment.
Was the court below right in determining that the cause' of action accrued to appellant upon the execution of the replevin bond ?
Crawford was undoubtedly bound by the original note executed to Mrs. Fisher, as it was for the benefit of the firm of which he wras a member; and if he had been sued on it, with the proper allegations, she could have recovered, her judgment against him, as well as against Long and Hikes, and the latter only was the surety of the firm. The original judgment, as is admitted, did not merge the debt, and the plaintiff therein might have sued Crawford & Long, notwithstanding that judgment; nor would the replevin bond have opposed a bar to an action against Crawford, unless he was bound therein by the signature of Long — the bond only had the force of the judgment; and the plaintiff had no more and no others bound for her debt after the execution of the bond than she had on the original debt.
But if, after the execution of the bond by Long, Crawford, as the partner of the firm for which the debt was *22 contracted, and for which Long had the power to bind Crawford, was also bound, then appellant had no cause of action certainly; and, from the facts appearing in this case, there is no reason why Crawford should not be bound by the execution of the bond by Long, and was not released from his responsibility to Mrs. Fisher thereby, and was under no legal responsibility to appellant until he had paid the debt to the plaintiff; and the statute did not commence running until that period, viz : the payment of the money.
Whether or not the court below transcended a sound or judicial discretion in permitting a plea of this character at so late a period after the pleadings had been made up, and the case vvas set down for hearing, we need not now decide; but, for the reason herein stated, the judgment is reversed, and the cause is remanded for a new trial, and for further proceedings consistent herewith.