Bacon, McClardy & Co. vs. Hutchings, Duncan & Co.

CASE 58—PETITION ORDINARY—SEPTEMBER 27.

# Bacon, McClardy & Co. vs. Hutchings, Duncan & Co.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. After dissolution of the partnership, one partner has no legal right to incur new responsibilities and execute new evidences of indebtedness in the name of the firm, without the knowledge or consent of the other.

2. Each member of a firm has the implied right and power to make bills to raise money to carry on their business; and in making such bills, whether the style of the firm or some other style is used, it does not change the legal rights of creditors nor the legal responsibility of each of the partners.

3. A partner, against whom a judgment by default was rendered, was a competent witness for the plaintiff, to prove that the bill sued on was made by him in the name of two members of the firm, and indorsed by a third, to raise money for the benefit of the firm, and that the money so raised was so used and applied.

BRUCE & RUSSELL,                                    For Appellants,

CITED—

2 Met., 525 ; Daniel vs. Toney.
4 Bush, 19 ; Hikes vs. Crawford & Long.
Civil Code, secs. 671, 672 ; 15 B. Mon., 641.
18 B. Mon., 94 ; Easley's ex'r vs. Easley.

18 *B. Mon.*, 128; *Todd vs. Luckett.*

2 *Met.*, 609; *Millett vs. Parker, &c.*

*Story on Partnership, secs.* 14, 15, 325, 327.

Wм. R. Thompson,

J. F. Bullitt, and

Jno. Rodman,                                    For Appellees,

CITED—

*Collyer on Partnership, secs.* 118, 121, 540, 541, 199, 533.

*Story on Partnership, sec.* 322.

11 *B. Mon.*, 120; *Kennedy vs. Bohannon.*

16 *B. Mon.*, 355; *Merritt vs. Pollys, &c.*

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The firm of Downing & Duncan dissolved February 8, 1865, having on hand nine hogsheads of tobacco of their own, and twelve belonging to English & Rogers, on commission. Downing & Duncan, together with Hutchings and Weaver, associated as a new firm, under the style of Hutchings, Duncan & Co., February 22, 1865. A few days thereafter, the new firm being in want of funds, Duncan & Hutchings, without the consent or knowledge of Downing, shipped all of said tobacco to appellants at New York, and drew upon them at ninety days for six thousand dollars, in the name of Downing & Duncan, indorsed by Hutchings, which bill of exchange was discounted at bank in Louisville, and the appellees got the proceeds. Bacon, McClardy & Co. accepted and paid the bill; but the proceeds of the twenty-one hogsheads of tobacco lacked some three thousand two hundred dollars of reimbursing them.

The *pro tem.* judge, to whom the case was submitted, dismissed appellants' petition seeking to hold this new firm responsible for this deficit, as to all but Duncan; and the plaintiffs have appealed.

Duncan put in no defense to the action, and judgment was rendered against him by default. Appellants took his deposition, by which all these essential facts were established, but which the court refused to allow read, on exception, because of Duncan's supposed interest.

As this record cannot be read in a suit to settle the partnership accounts between the partners, and as Duncan is responsible for the whole debt, whether the others are, or not, jointly liable with him, it is not perceived how he is legally interested. His sense of justice and propriety may cause him to desire that the others may likewise be held responsible, and may incline him to appellants' side; but this, at most, can only go to his credibility. His deposition, therefore, should have been read as evidence.

After the dissolution of the partnership of Downing & Duncan, neither partner of that firm had a legal right to incur new responsibilities, and execute new evidences of indebtedness for it, much less to raise money and loan it out without the knowledge or consent of the other.

But as both Downing and Duncan were partners in the new firm, which consisted also of Hutchings and Weaver; and as each partner must be presumed to be the agent for all the others in their usual and legitimate business; and as the firm must have money to transact its business, the raising of money on bill, in the name of Downing & Duncan, indorsed by Hutchings, and appropriated to the use of the firm, which entered the proceeds of the bill on its cash book and the bill on its bill book, and of course among its bills payable, leave no room to doubt the legal liability of the new firm; and as the proceeds were appropriated to the use of the firm, it was, of course, cash received to the benefit of each member of the firm, and rendered each liable as holding

a community of interest in the firm of Hutchings, Duncan & Co.

Downing's responsibility, therefore, does not depend upon the rights of Duncan to draw a bill in the name of the old firm of Downing & Duncan after said firm was dissolved, but upon the implied right and power of his partners in the firm of Hutchings, Duncan & Co., or either of them, to raise money to carry on their business; and whether they used the style of the firm, or some other style, does not alter the legal rights of their creditors, nor the legal responsibility of each of the partners.

Such may be regarded as the teachings of the elementary works, and which has been freely recognized by this court in *Daniel vs. Toney*, 2 *Met.*, 525; *Hikes vs. Crawford*, 4 *Bush*, 19.

Wherefore, the judgment is reversed, with directions for a new trial and further proceedings consistent herewith.