CASE 85—ORDINARY—OCTOBER 19, 1882.

# Harpending's ex'rs v. Daniel.

### APPEAL FROM CALDWELL CIRCUIT COURT.

1. The same reason that excludes the testimony of a party offered as evidence for himself concerning a transaction with a principal who is dead when the testimony is offered, likewise excludes it when the transaction was with an agent who is dead when it is offered.

2. The fact that the agent testified at a former trial does not change the rule. He must be living when the evidence of his statements is presented.

3. E. H. Daniel, being once interested, cannot, by assigning his interest to his co-partner, render himself competent to testify as to the statements of the agent who is dead.

4. A holder of a check who can trace a legal title to it may maintain an action upon it in his own name, whether he possesses the beneficial interest in its contents or not.

S. MARBLE & SON AND R. W. WOOLLEY FOR APPELLANT.

1. E. W. Daniel having been once a joint holder and owner of the check, cannot, by assigning his interest to another, render himself competent—

Harpending's ex'rs v. Daniel.

tent to prove the statements or declarations of Dudley made during his life-time. When Daniel is offered, Dudley was dead.

2. Although Dudley testified upon a former trial, yet his death renders Daniel incompetent to prove his statements. (Civil Code, secs. 605, 606, subsec. 6; 19 Conn., 292; 14 Mass., 534; 2 Cranch, 358; 7 Ib., 52; 6 Ib., 307; 3 Scammon, 153; 15 Johns., 358; 4 Const., 140; 3 A. K. Mar., 489; 10 B. Mon., 172.)

3. The question of ownership of the check is one of fact, and to be determined by the jury. The court has no right to assume that ownership was proved. (Letcher v. Yantes, 3 Dana, 162; Stith v. Jones, 4 B. Mon., 370; L., C. & L. R. R. Co. v. Goetz, 79 Ky., 442.)

G. W. DUVALL and F. W. DARBY for appellee.

1. Whatever may be the effect of subsection 9, section 606, Civil Code, the witness Daniel is competent to testify under exceptions "C and D," subsection 2.

2. On the first trial Dudley had introduced himself as a witness. When he testified he was the personal representative of the decedent, and a devisee under the will. (58 Ga., 479.)

3. An indorsee may take up a bill, erase his indorsement, and reissue the bill. (Daniel on Negotiable Inst., 1238; Story on Bills, sec. 223; Story on Agency, 45, 84; 10 Bush, 632.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

August 30th, 1873, A. Harpending drew and delivered in Princeton, Kentucky, a check upon Henry Clews & Co., bankers in the city and State of New York, for $1,000, payable to E. H. Daniel & Brother, or order. And September 22d, 1873, the latter firm sold and transferred the check, by written indorsement, to R. M. Bishop & Co., of Cincinnati, Ohio, who, on the 25th of the same month, caused it to be presented for payment to Henry Clews & Co. at their banking-house in New York, and payment being refused, it was duly protested for non-payment, and notice thereof given to the proper parties.

Upon the return of the check protested to R. M. Bishop & Co. they re-delivered it to E. H. Daniel & Brother, and were repaid by them the amount of it and protest fees. E. H. Daniel & Brother held the check until October, 1876,

when, at their request, R. M. Bishop & Co., the indorsement to whom had not been erased, indorsed it without recourse to R. T. Daniel, a member of the firm of E. H. Daniel & Brother.

In 1876, after the transfer to him, R. T. Daniel brought this action against the executors of Harpending, who died the latter part of the year 1873, and upon the trial a verdict and judgment were rendered in his favor for the amount of the check, interest, and protest fees.

The only questions made by the executors, who have appealed, necessary to be here noticed, are, first, whether the court below erred in assuming in the instructions to the jury, as a fact established, that the plaintiff in the action was the owner of the check; and second, whether the testimony given upon the trial by E. H. Daniel, a member of the firm of E. H. Daniel & Brother, was competent.

It is well settled that any holder of a check who can trace a clear legal title to it may maintain an action upon it in his own name, whether he possesses the beneficial interest in its contents or not. The possession of such holder is *prima facie* sufficient evidence of his right to sue.

In this case the legal title was in R. M. Bishop & Co., and the effect of their indorsement to R. T. Daniel was to transfer it to him. And although the ownership of the check was attempted to be put in issue by appellants, still, in the absence of allegation or proof affecting the validity of the instrument itself, or showing that the prosecution of the action in the name of appellee deprived appellants of any defense they might have otherwise made, we do not think the court erred in assuming that appellee was the owner, and entitled to maintain the action.

The other question is more serious.

From the agreed state of facts, it appears that Henry Clews & Co. were, on the 30th of August, 1873, bankers. of good credit, doing business in the city of New York, paying or causing to be paid all checks and bills payable by them that were presented for payment, and so continued until the 23d of September, 1873, two days before the check in question was presented, when they suspended payment, and did not afterwards resume, but went into bankruptcy, their estate not paying the cost of the bankrupt proceedings. and the preferred claims against it.

It further appears that Harpending had on deposit with them to his credit during that period sufficient money to pay the check, which has never been repaid to him.

As it is therefore manifest that the delay until the 23d of September in presenting the check for payment was unreasonable, and that Harpending, by reason of such delay, has lost the amount of it, appellee has no recourse upon his estate unless it be made to appear that due presentment of the check for payment was waived by Harpending or his agent.

It is alleged by appellee in his petition, as an excuse for the delay in presenting the check for payment, that at the time it was sold and delivered to E. H. Daniel & Brother, it was agreed between them and one Dudley, who, they allege, and we think satisfactorily show, was the general financial agent of Harpending, and as such sold and delivered the check, they were not to be held to duly present the check for payment, but had the privilege of doing so at any time between the 2d of September and the 11th of October without losing their recourse.

For the purpose of proving that agreement, which was denied by appellants, E. H. Daniel, a member of the firm

of E. H. Daniel & Brother at the time the check was drawn, was introduced as a witness by appellee, and did testify such agreement was made.

It is therefore important to determine whether he is a competent witness to prove that fact; for, although another witness testified partially to the same effect, his recollection does not appear to have been as distinct, nor were his statements upon the subject as full or clear, as those of E. H. Daniel. And even if they had been, we could not assume that the jury would have returned the same verdict without the testimony of E. H. Daniel.

By subsection 2, section 606, Civil Code, it is provided that no person "shall testify for himself concerning any verbal statement of, or transaction with, or any act done or omitted to be done by, . . . . one who is dead when the testimony is offered to be given, except for the purpose, and to the extent of affecting one who is living, and who, when over fourteen years of age and of sound mind, heard such statement, or was present when such transaction took place, or when such act was done or omitted, unless—

"c. The decedent, or a representative of, or some one interested in his estate, shall have testified against such person with reference thereto ; or,

"d. An agent of the decedent, . . . . with reference to such act or transaction, shall have testified against such person with reference thereto, or be living when such person offers to testify with reference thereto."

There were two trials of this case in the lower court, the first verdict for appellee having been set aside.

At the first trial Dudley, the agent, and, at the time, also one of the executors of Harpending, testified as a witness concerning the sale and delivery of the check by him as

such agent. But when the second trial took place, at which the judgment appealed from was rendered, he was dead.

In our opinion, it does not make any difference that the transaction attempted to be proved in this case was with the agent and not with the principal. While Dudley was living, it was competent for E. H. Daniel to testify for himself concerning the transaction with him as agent, notwithstanding Harpending, the principal, was dead. But Dudley being dead, Daniel could not legally testify for himself concerning it, not even if Harpending was living.

By the express terms of section 606, the restraint upon parties or persons testifying for themselves apply to their transactions with the agent as well as the principal. Besides, the same reason that excludes the testimony of a party or person testifying for himself concerning a transaction with the principal who is dead when the testimony is offered to be given, likewise excludes it where the transaction was with the agent who is dead when it is offered to be given. In the language of this court, in the case of Hardin's adm'r v. Taylor, 78 Ky., 593: "The evident design of section 606 was to place parties to an action, or those interested therein, on an equal footing when their rights are being passed upon."

No attempt was made to show what had been the testimony of Dudley, or the substance of it, at the former trial. But E. H. Daniel was permitted to testify concerning the transaction with him, upon the simple proof that Dudley had testified in reference thereto, without placing it in the power of the jury to determine whether his testimony had corroborated or contradicted that of E. H. Daniel. So that the representatives of the deceased person were not only deprived of the testimony of Dudley, but rather prejudiced,

than otherwise, by the reference to the fact that he had been
a witness at the first trial.

But we are of the opinion that if the testimony of E. H.
Daniel was not otherwise competent, it could not be made
so by proof, at the instance of appellee, of what the tes-
timony of Dudley was at the former trial.    The evident
meaning of section 606, as interpreted by this court in
the case of Hardin's adm'r v. Taylor, *supra*, is, that such
testimony is competent only when the agent is living, or,
if dead, shall have testified against such person with refer-
ence to the same transaction at the time and in the manner
the testimony of the living person is offered to be given.
To permit a party or person interested to testify before the
jury concerning a transaction with the agent who is dead,
and not present to testify at the same time and in the same
manner, would give an advantage, in many ways, to the
living not tolerated by the letter or spirit of the Civil Code,
or consonant with justice and equality.

Though E. H. Daniel was not a party to the action, or,
at the time of the trial, apparently interested in the result,
he was disqualified by subsection 9, section 606, which is as
follows: "The assignment of a claim by a person who is
incompetent to testify for himself shall not make him com-
petent to testify for another."

He, as a member of the same firm, was, jointly with
appellee, interested in the check at the time Harpending
died, and could not, subsequent to his death, by the transfer
to his co-partner of such interest, become competent as a
witness concerning any transaction he had no right to testify
in reference to before he made the transfer.    To prevent
such devices as appears to have been resorted to in this
case for the purpose of getting undue advantage of the

·estate of the deceased, was the object of the subsection of the Code just quoted.

It is true R. M. Bishop & Co. held the legal title to the check at the time Harpending died, but E. H. Daniel & Brother had repaid them the amount of it, and had the right to erase the indorsement to them, and thus acquire the legal title, as they had then the possession of, and the beneficial interest in it. And though the indorsement by R. M. Bishop & Co. to appellee, subsequent to the death of Harpending, at the request of E. H. Daniel, had the effect to invest him with the legal title, and the right to maintain this action, it did not operate to make E. H. Daniel competent as a witness.

For the error indicated, the judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial, and for further proceedings consistent with this opinion.