CASE 103—ACTION TO RECOVER MONEY PAID AS SURETY FOR DEFEND-
ANTS—MAY 15.

# Faris v. Cook and Others.

### APPEAL FROM LAUREL CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.   REVERSED.

EXECUTION OF BOND IN NAME OF PARTNER—RECOURSE OF SURETY
AGAINST OTHER PARTNER.

Held:   Bonds executed by one of two partners in his individual
name for the benefit of the firm, and as firm obligations, with
the consent of the other partner, were binding upon the firm;
and the surety in the bonds, having been compelled to answer
for a breach thereof, may look to either or both of the partners
to reimburse him.

W. R. RAMSEY, ATTORNEY FOR APPELLANT.

HAZLEWOOD & PARKER ASSOCIATE COUNSEL.

Andrew King Cook and S. G. Steele were partners as United
States mail bidders and contractors, at London, Laurel county,
Ky., and were awarded contracts on six routes in Virginia.   The
required bonds were signed and executed in the name of An-
drew King Cook, one of the members of said firm, and the bonds
were also signed by the appellant as surety.

Upon failure to comply with said contracts, Cook and his
sureties, were sued in the United States District Court of Ken-
tucky, and judgment recovered against them by reason of said
suretyship for $1,000 on said bonds.

Appellee filed suit in the Laurel Circuit Court against the
appellees, Andrew King Cook and S. G. Steele, for indemnity
in the sum of $1,250.

Steele filed a demurrer to the petition which was sustained,
and plaintiff declining to plead further, the petition was dis-
missed as to said Steele, from which judgment the plaintiff
appeals.

The petition alleges that Cook and Steele were partners in
said mail business at the time, and in order to carry on their
business it was necessary to make, sign and execute with suffi-
cient sureties, bonds to and with the United States, and the
doing of said acts was a part of and within the scope of said
partnership business.   Appellant also alleges that he signed

said bonds for Cook and Steele, believing in good faith that they were partners, for they had so represented themselves to be, and that it was customary among firms and persons engaged in said business, at said time and place, to use the name of *one partner alone* in the execution of said bonds and contracts, and in the usual course of business said Cook and Steele, partners as aforesaid, agreed to and did use the name of Andrew King Cook, one of the partners of said firm, to represent the firm name, and that the bonds were signed for the benefit of the firm with the full knowledge, agreement, authority, consent and approval of said Steele, and ratified and acquiesced in by him.

## AUTHORITIES CITED.

Mechem on Partnerships, secs. 82, 83, 201; Bates on Partnerships, secs. 191, 192; Lindley on Partnerships, vol. 1, 112, 337, notes, sec. 178, pp. 426, 427; Parsons on Partnerships, 137 side No. 126; Waits' Actions and Defenses, vol. 5, 145; vol. 15 Ency. Pl. & Pr., 927; vol. 17 Ency. of Law, 987, 989, and 1002; McCart v. Lewis, 2 B. Mon., 267; Hikes v. Crawford & Long, 4 Bush, 19; Burns v. McConnoughy & Parish, 3 B. M., 8.

CHAS. R. BROCK COUNSEL FOR APPELLEE.

J. W. ALCORN AND J. A. CRAFT OF COUNSEL.

1. A surety who signs a note with one member of a partnership for a partnership debt, after paying same, may recover indemnity from all members of the firm. This doctrine has no application to the case at bar. The petition does not disclose any debt at the time the bonds were executed. There was no debt. It will be noted that this rule is based upon, and presupposes, an existing indebtedness, which is further secured by executing a note or other similar evidence of similar contract debt.
2. Even though there was an existing indebtedness, a surety on a bond given by one of the members of the firm in satisaction thereof, can look to him only for indemnity, whose surety he became.

## AUTHORITIES CITED.

Bayliss on Sureties, p. 461; Brandt on Suretyship and Guaranty, secs. 118, 216; Am. & Eng. Ency. of Law, p. 778; Tom v. Goodrich, 2 Johnson, 213; Krafts, &c. v. Creighton, 3 Richardson, S. C. Law, 273; Lindley on Partnership, vol. 1, p. 180.

OPINION OF THE COURT BY JUDGE BURNAM.—REVERSING.

This is an appeal from a judgment of the Laurel Circuit Court, sustaining a general demurrer to the petition of appellant as amended, in which he sought to hold S G. Steele liable as a partner of his co-defendant, A. K. Cook, for certain indebtedness paid by him as security for the firm. He alleged in substance, that in the year 1881, Cook and Steele were partners in the business of contracting for and carrying the mails of the United States,—a business generally known as that of United States mail bidders and contractors; that in the conduct of this business it was necessary to make and sign proposals, and to make, sign and execute with sufficient sureties, bonds to the United States Government, and the execution of such bonds was a part of, and within the scope of, the partnership business, and that in the usual course of such business, and in the customary way, the defendants, on the 20th day of January, 1881, executed a number of bonds to the Government for carrying all the mails between certain designated places, which were signed by A. K. Cook as principal, and by plaintiff and W. H. Jackson as securities; that, at the time of, and before the execution of these bonds Cook and Steele were equal partners in the business, and by the terms of the partnership each member of the firm was to equally share any expenses, profits, and losses that might accrue from said partnership business and were equally liable for the obligations of the firm; that at the time he signed said bonds both Cook & Steele, as partners agreed to and did use the name of Andrew King Cook, one of the members of said firm, to represent the partnership or firm name in connection with the execution of said bonds, and that said bonds were signed and executed in the name of Cook for the partner-

ship of Cook & Steele, and with the full knowledge, consent and approval of Steele at the time same was done, and that Steele not only authorized the execution of said bonds by Cook in said Cook's name, as representing the partnership, but adopted, ratified, and acquiesced in all the acts of said Cook, all of which were done for the said firm, and that, at the time of and before he signed said bonds as surety Cooke and Steele represented to him and to others, with reference to said business, that they were partners and acted for the partnership, and that by reason of said acts and assurances he was induced to sign, and did sign and execute, the bonds for said firm and partnership; that the defendants failed to keep their covenant and perform the services; and that by reason of such failure and noncompliance with the conditions of their bonds, which plaintiff signed with Jackson as sureties thereon, he had been compelled to pay $1,250, with interest. Subsequently appellant filed an amended petition in which he alleged that at the time the defendant made, signed and executed the bonds mentioned in his original petition, the name of Andrew King Cook was used therein by them as co-partners aforesaid, and said acts and transactions of said Cook were not for his benefit alone, but by agreement, understanding, knowledge, consent, and approval of both of said defendants the name of Cook was used by the defendant for the purpose mentioned in the petition, for the benefit of the firm, and in the transaction of the partnership business.

It is insisted for appellee that the petition in this case is fatally defective because it fails to allege that Andrew King Cook was the partnership name under which the firm of Cook & Steele transacted business, and that under the bond as executed, the United States government had

Faris v. Cook and Others.

no cause of action against Steele, and that consequently appellant, the surety, could have none against him. We do not so understand the law.    It was held by this court in Hikes v. Crawford, 4 Bush, 19, that a note executed by one partner in his individual name for the use and benefit of the firm was binding against the other partner, who did not sign the note, and that a surety in such note, after he had paid it, had a cause of action against the firm. The opinion in this case substantially followed the law as announced in McCart v. Lewis, 2 B. Mon. 267, and Burns v. Parish, 3 B. Mon 8; and the opinions in these cases are in accord with the general principle.    "Partners may conduct business under any name they choose.    They may assume the name of one member, or any other name. The fact of the partnership is the essential thing, and the averment of a firm name is ordinarily immaterial, and proof of a partnership under some other name is not a fatal variance."    See 15 Am. & Eng. Enc. Pl. & Prac. p. 927.    And to the same effect are Pars. Partn. 126, 127. Meacham, in his work on Partners (section 201), says: "It is not uncommon for a firm to do business in the name of a single person, and contracts made in that name for the firm will bind all the members."    The signing of the bonds by Cook was for the benefit of the firm, and it is admitted by the demurrer that Steele authorized the execution of the bonds, and that appellant was induced to become surety thereon by his representations that both members of the firm were bound by reason of the execution of such bonds.    In our opinion, the circuit judge erred, in sustaining a demurrer to the petition, and the cause is reversed and remanded for proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.

Response to petition for rehearing by Judge Hobson.

In the petition for rehearing our attention is called to the fact that the rule enunciated in Hikes v. Crawford, 67 Ky. 19, was, to some extent, disapproved in Macklin v. Crutcher, 69 Ky. 401. This was not done on the original hearing and escaped our attention. But in the latter case on page 403, the court said: "Had the note as signed, purported to have been for, and by a firm, an error in the style of the firm would not have exonerated Macklin on proof, that, even though not named, he was one of the firm intended, because that proof disclosed him as a member of the firm intended, and thereby made him a party. This principle was recognized by this court in the case of Kinsman v. Dallam, 5 Mon. 385. Or had Macklin been a dormant partner and Ferguson been the only overt partner, doing their business in the name of 'W. T. Ferguson,' proof that Macklin was a secret co-partner would have made him a party to the note . This also was adjudged by this court in the manuscript opinion of Hickman v. McGee."

"But here there was neither dormancy nor any other partnership name than the well known and accustomed name of 'Macklin & Ferguson.' The reason of these adjudged cases, therefore, does not apply to this case, but implies that the notes as signed were not by any firm, nor in any way binding on Macklin as written obligations."

The case of Hikes v. Crawford & Long, 4 Bush 19, is the only case in this court that squints the other way.

In that case, Crawford & Long being liable as partners, Long gave his individual note with Hikes as surety for the debt; and Hikes having satisfied the judgment against Long and himself on that note, was adjudged to be entitled to restitution from Crawford as well as Long. But in

reasoning on that subject, although it may have been im-material to Crawford's liability for contribution, whether he was bound by the note or only for the original debt which the surety paid, yet the court, instead of saying that he was originally bound by the consideration, said that he was bound by the note given for it by his partner.

It will be observed that Hikes v. Crawford, was a suit by a surety who had signed the note of one partner for a firm debt, against the other partner who had not signed the note, and that it was held he could recover. It will also be observed that the soundness of this conclusion is recog-nized in Macklin v. Crutcher and the opinion in the former case is criticised only because it squints at the idea that an action might be maintained on the note against the part-ner who had not signed it. In the case at bar the action is by the surety as in Hikes v. Crawford. A recovery is not sought on the written contract alone, but on the original consideration and all the facts. It is averred, too, that the bond was given and intended as the obligation of the firm, which would also bring the case within the doctrine laid down in Macklin v. Crutcher. And it was upon this ground that the original opinion of the court was really rested.

If Cook had paid the liability set out in the petition, un-doubtedly on the facts averred appellee would have been responsible to him. When Cook failed to pay and the surety was compelled to bear the loss, he was entitled in equity by subrogation to all the rights his principal would have had in case he had not defaulted in the payment of the bond.

The petition for rehearing is, therefore, overruled.