## George Bohon Co. v. Moren & Sipple, et al.

(Decided January 30, 1913.)

### Appeal from Mercer Circuit Court.

1. **Partnership—Liability of On Contract Made by One Partner in Scope of Business.**—Each partner is the agent of the other partners in the transaction of the firm business and all the members of the partnership are bound by the acts of each member within the scope of the partnership business.

2. **Partnership—Liability of Undisclosed Partner.**—Where a party sells goods or property to a member of a partnership to be used in the conduct of the partnership business, all the members of the partnership are jointly and severally liable for the payment of the debt, although at the time of the sale the seller did not know of the existence of the partnership or that the goods were being bought to be used in the partnership business.

3. **Partnership—When not Liable on a Contract Made with One of the Partners.**—Where a party, with knowledge of the existence of the partnership, sells goods or property to a member of the partnership on his individual account not intending to look to the partnership for payment, the other members of the partnership will not be liable on the contract, although the goods or property may be used in the partnership business.

4. **Bankruptcy—Construction of Section 80 of the Code.**—Where one of two persons jointly bound on a debt has been discharged in bankruptcy, and a suit is brought to recover the debt, process may be served on the bankrupt in the county where the action is pending, and on the other defendant in another county, and if the bankrupt does not plead his discharge in bankruptcy and lets judgment go against him by default, the other defendant cannot defeat the jurisdiction of the court by pleading the discharge in bankruptcy of his co-defendant. In such a case the jurisdiction of the court is to be determined as in other cases where one of two joint defendants is summoned in the county in which the action is pending and the other is summoned in another county.

5.  Bankruptcy.—The plea of bankruptcy is personal, and if the bank-
     rupt does not see proper to rely on this defense, it cannot be
     raised by any one else.

E. H. GAITHER and R. W. KEENON, for appellant.

C. A. HARDIN, E. M. HARDIN and C. C. WILLIAMS, for
appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant company brought this suit in January,
1911, in the Mercer circuit court against the appellees,
Moren and Sipple, to recover $902 on account, alleged to
be due for buggies sold to Moren and Sipple as partners
doing business under the name of Moren & Sipple. Sum-
mons on this suit was executed on Sipple in Mercer coun-
ty and on Moren in Laurel county. Sipple made no de-
fense but Moren filed an answer pleading to the juris-
diction in two paragraphs. In the first he pleaded in bar
a suit by the same plaintiff against the same defendants
on the same account pending in the Laurel circuit court
at the time the action in the Mercer circuit court was insti-
tuted. In the second paragraph he averred:

"That at the time of the institution of this suit the
defendant, C. J. Sipple, was a bankrupt; that he was
adjudged a bankrupt on the ———day of August, 1910,
by an order of the United States Court in the Eastern
District of Kentucky, and that C. J. Sipple was a bank-
rupt and known to be such by the plaintiff at the time of
the institution of this action. That, in order to get juris-
diction in Mercer county, the plaintiff induced the defend-
ant, C. J. Sipple, who was then a bankrupt, to go from
his home and residence in London, Laurel county, Ken-
tucky, to Harrodsburg, Mercer county, Kentucky, for the
purpose of attempting to get jurisdiction of the defend-
ant, Moren, by serving the defendant, Sipple, with sum-
mons in this action when he reached Harrodsburg, Ken-
tucky, in response to a request made of the said Sipple
by the plaintiff. The defendant, Moren, says that he
does not live or reside in Mercer county, Kentucky, and
did not so reside at the time of the institution of this
action, and never resided in Mercer county, Kentucky,
but did live and reside in London, Laurel county, Ken-
tucky, and that the service of the summons herein on the
defendant, C. J. Sipple, who was at that time, and is now,
a bankrupt, having been adjudged such as herein stated,

did not give this court jurisdiction over the defendant, T. J. Moren, and he now comes and pleads these facts as constituting a bar to the recovery against him in this action.'

On motion of the Bohon company the court struck out the second paragraph of the answer, and also refused to permit to be filed an amended answer offered by Moren, in which he averred in substance that the claim sued on accrued before Sipple was adjudged a bankrupt, and that this action was instituted while the bankruptcy proceedings of Sipple were pending in the bankrupt court, in which court they were yet pending, and that this action should not be tried until it was determined by the bankrupt court whether or not the defendant, Sipple, was entitled to a discharge in bankruptcy.

Thereafter a reply was filed by the Bohon company to the first paragraph of the answer pleading in bar the pendency of the action in Laurel county. In this reply it was averred, and the record so showed, that the Laurel county suit had been dismissed after the plea in abatement was made, but before the reply was filed. This being so, the plea in bar was not available. Citizens National Bank, v. Forman, 111 Ky., 206.

After these orders had been made, Moren, not waiving his plea to the jurisdiction of the court on account of the bankruptcy proceedings, denied in his answer that he and Sipple were partners in the purchase of the buggies bought by Sipple, or that as partners they bought from the company the buggies, or that the company sold to the firm of Moren and Sipple as partners the buggies, or that the firm agreed to become, or did become, liable for the price of the buggies. He further averred that it was agreed between himself, Sipple and the Bohon company that it should look to Sipple alone for payment of the buggies, and that he should not be responsible for any part of the purchase price thereof. He did not, however, deny that he and Sipple were at the time partners in the buggy business or that the buggies were bought to be sold by the firm.

For reply to this answer the Bohon company, after traversing the material averments, pleaded that at the time it sold and shipped the buggies to Sipple it had no knowledge or information that Moren was a partner of Sipple, although in truth he was a partner, and the buggies were bought to be used in the partnership business,

and that these facts were fraudulently concealed from it by Moren.

With the pleadings in this condition, and taking no account of the legal question arising on the answer setting up the bankruptcy proceedings, the only issues between the parties were: (1) Was Moren a partner of Sipple at the time the buggies were sold and shipped to Sipple, and were the buggies bought by Sipple for the partnership and used in the firm business? (2) Was the fact that they were partners known to the Bohon company, and did it, with knowledge of this fact, agree to look alone to Sipple for payment for the buggies, or did it make the sale in ignorance of the fact that Moren and Sipple were partners?

Upon these issues the parties went to trial before a jury, each of them introducing evidence in support of their respective contentions. The evidence for Moren showed that he and Sipple were partners in the purchase and sale of buggies at the time the buggies in question were bought by Sipple, and that these buggies were bought by Sipple for the partnership and were sold by the firm of Moren and Sipple under the contract of partnership by which Moren was to receive one-third and Sipple two-thirds of the profits. It further tended to show that the Bohon company knew that Moren and Sipple were partners, and that with knowledge of this fact it sold the buggies to Sipple on his credit alone, not intending to look to the firm or to Moren for payment, and that the sale of the buggies to Sipple was an individual transaction between him and the Bohon company.

The evidence for the Bohon company was to the effect that although it sold the buggies to Sipple and took his individual note therefor, it did so under the mistaken impression that Sipple and Moren were not partners, which impression was created by the false and misleading statements of Moren. It further conduced to show that the Bohon company did not have any knowledge or information of the fact that the buggies were bought by Sipple for the partnership of Moren and Sipple, or that Moren and Sipple were partners until some time after the buggies had been sold and delivered to Sipple.

With the issues and evidence in this condition the court instructed the jury in substance that if they believed from the evidence that at the time the plaintiff, the George Bohon Company, sold and delivered to the

defendant, Sipple, the buggies described in the petition, the plaintiff had no knowledge of the partnership existing between Sipple and Moren, they should find for the plaintiff, and that on the other hand if they believed from the evidence that the Bohon company, at the time it accepted Sipple's note for the buggies, knew that the defendants were partners in the buggy business, they should find for Moren.

Under the evidence and instructions the jury found a verdict for the Bohon company, and judgment was entered accordingly. After this, in due time, Moren filed a motion and grounds for a new trial, and the court set aside the judgment and also set aside the order striking out the second paragraph of Moren's answer pleading to the jurisdiction, and permitted the amended answer that had been tendered by Moren, and which was rejected, to be filed. Thereupon the Bohon company declined to plead further except to deny that it induced Sipple to come to Mercer county in order that summons might be served on him, and the petition was dismissed and this appeal prosecuted.

As the instructions submitted correctly the issue of fact, and the verdict in favor of the Bohon company was supported by sufficient evidence, it is manifest from the orders made by the court in sustaining the motion for a new trial that the court was influenced to grant a new trial because it reached the conclusion that the answers of Moren, setting up the bankruptcy proceedings, presented a good plea to the jurisdiction of the court. If the Mercer court had jurisdiction, we see no reason for disturbing the verdict of the jury or the judgment thereon as the trial was conducted in conformity with the following propositions which are well established; (1) That each partner is the agent of the other partners in the transaction of the firm business, and all the members of the partnership are bound by the acts of each member within the scope of the partnership business; (2) That where a party sells goods or property to a member of a partnership to be used in the conduct of the partnership business, all the members of the partnership are jointly and severally liable for the payment of the debt, although at the time of the sale the seller did not know of the existence of the partnership or that the goods were being bought to be used in the partnership business, and in such a state

,of case the seller if he has taken a note from the individual partner may ignore the note and sue the firm on account for the value of the goods; (3) That a party who, with knowledge of the existence of the partnership, sells goods or property to a member of a partnership on his individual account, not intending to look to the partnership for payment, or intending to hold any person responsible except the member with whom the transaction is had, connot hold the other members of the partnership liable on the contract although the goods or property may, be used in the partnership business.

Barker v. Mann, 5 Bush, 672; Scott and Thatcher v. Colmesnil, 7 J. J. Mar., 416; Usher v. Waddingham, 62 Ct., 412; Craig v. Alverson, 6 J. J. Mar., 609; North Pennsylvania Coal Company's Appeal, 45 Pa. State, 191, 84 Am. Dec., 487; Griffith v. Buffum, 22 Vt., 181, 54 Am. Dec., 64; Peterson v. Roach, 32 Ohio State, 374, 30 Am. Rep. 607; Story on Partnership, section 138; Lindley on Partnership, volume 1, page 178; Bromley v. Elliott, 38 N. H., 287, 75 Am. Dec., 182.

Having this view of the matter, it only seems necessary that we should consider the single question, did the Mercer court have jurisdiction? If it did not, the judgment dismissing the petition should be sustained. If it did, the judgment should be reversed, with direction to re-enter the judgment that was set aside when the motion. for a new trial was granted.

The action was a transitory one, and so if Moren and Sipple were partners the service of process upon Sipple in Mercer county gave that court jurisdiction of Moren after process had been executed upon him in Laurel county, unless it be that the bankruptcy proceedings against Sipple deprived the Mercer court of jurisdiction of Moren. Section 80 of the civil code provides in part that:

"A judgment for a defendant, who resided or was summoned in that county upon a plea of his discharge as a bankrupt, shall not prevent a judgment against any, other defendant, in an action brought before the commencement of the proceedings in which the discharge was obtained; but after such judgment, upon a plea of discharge in bankruptcy, a defendant not summoned in the county, nor residing therein at the commencement of the action, may, by answer, deny the liability of such bankrupt. The issue as to the original liability of such

bankrupt shall be tried as if he were still a party, and the plaintiff shall not have judgment against the defendant not summoned nor residing in the county, unless it be decided that the bankrupt was originally liable."

We do not think this section is applicable to the facts of this case. The meaning of the section is that if in an action brought before the commencement of the bankruptcy proceedings there is a judgment for a defendant who resides or was summoned in the county in which the action is brought, upon his plea of a discharge in bankruptcy, this does not prevent a judgment against any other defendant who resided in or was summoned in the county; but a defendant who was not summoned in the county and who did not reside therein at the commencement of the action, may deny the liability of the bankrupt, and if he does, no judgment shall go against him unless it is determined that the bankrupt was originally liable on the claim or demand sued on. Austin v. First National Bank of Scottsville, 150 Ky., 113. There must be a judgment for the bankrupt on his plea of bankruptcy before the other defendants, or any of them, can invoke the aid of this section or rely on the bankruptcy proceedings to defeat the jurisdiction of the court.

Here the suit was brought after the discharge of Sipple in bankruptcy and while the proceedings in the bankrupt court were pending, but he did not raise the question of his discharge or ask to have judgment in his favor because of it. He let judgment go against him by default. This being so, the only matter to be considered is, could Moren raise the question of the discharge of Sipple and rely on it to defeat the jurisdiction of the court? We think not. The plea of bankruptcy is personal, and if the bankrupt does not see proper to rely on this defense, it cannot be raised by any one else. Moyer v. Dewer, 103 U. S. 301, 26 L. Ed., 394.

When the bankrupt does not rely on his discharge to have judgment in his favor, the case stands as if there had been no discharge in bankruptcy, and the jurisdiction of the court is to be determined as in other cases where one of two joint defendants is summoned in the county in which the action is pending and the other is summoned in another county.

It is suggested in briefs of counsel that Sipple was induced to go to Mercer county by the fraud of the Bohon company, so that process might be served on him in that

county. The record, however, does not sustain this assertion. There is no evidence that Sipple was induced by fraud or other improper means to go to Mercer county in order that summons might be executed on him, and the facts do not bring the case within the rule laid down in Wood v. Wood, 78 Ky., 624.

Wherefore, the judgment is reversed, with directions to set aside the order granting a new trial and re-enter the judgment that was entered on the verdict.