## Ross et al. v. Ross' Administrator.

(Decided January 28, 1930.)

584

JOHN NOLAND, JOE ROBINSON, H. CLAY KAUFFMAN and J. P. CHENAULT for appellants.

BURNAM & GREENLEAF and G. MURRAY SMITH for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This appeal is a sequel to the case of Ross v. Ross, 216 Ky. 577, 288 S. W. 305, and an understanding of that case is essential to a comprehension of this one. Salem W. Ross was the grandfather of A. D. Ross, who had been managing his farms for him. On April 20, 1917, the two acquired a tract of land containing 67.25 acres, taking title in fee to A. D. Ross, with a life estate in one-half thereof to Salem W. Ross. That land cost $6,725, of which Salem W. Ross paid $1,000, and the balance of the consideration was payable in installments secured by vendor's lien. Salem W. Ross also owned a life estate in a tract of land containing 200 acres. On February 3, 1919, a written agreement was executed by Salem W. Ross and A. D. Ross, whereby the latter agreed to buy the Prewitt property and permit the former to have the use and possession of it during his life; and Salem W. Ross agreed to allow A. D. Ross to have the use of his farm land for life. A. D. Ross then purchased the Prewitt property at a commissioner's sale at a cost of $7,000. Salem W. Ross moved upon it and continued to live there until 1923. A. D. Ross operated and managed the two farms. On October 17, 1923, Salem W. Ross instituted an action against A. D. Ross to reform the deeds so as to vest the title to the Prewitt property

in himself alone, and the title to the 67.25-acre farm in the parties jointly. He further sought to be adjudged a lien on the one-half interest of A. D. Ross, for $3,367.50, claiming that he had paid the entire consideration. The ground of his action was that the title had been taken to A. D. Ross in violation of a confidential relation, when plaintiff, by reason of age and infirmity, was incapable of taking care of his own interests. On August 25, 1924, Salem W. Ross filed another suit against A. D. Ross seeking to cancel the contract of February 3, 1919, and to compel an accounting of an alleged agency created in 1916 for the management and operation of his farm lands. The circuit court dismissed both actions, and Salem W. Ross appealed to this court, resulting in a reversal of the judgment. 216 Ky. 577, 288 S. W. 305. The lower court was directed to settle the transactions between the parties upon the basis of a partnership and to treat the conveyances to A. D. Ross as in trust for the firm. The lands were to constitute the partnership assets, and each partner was to have back what he had paid on the lands from his individual means, apart from the firm funds. Naturally such an adjustment led to complications, because neither the parties nor those dealing with A. D. Ross in conducting the business had so understood the relationship. The circuit court referred the case to the master commissioner to ascertain what Salem W. Ross and A. D. Ross had paid on the lands out of their respective funds and authorized further proof to be heard. In the meantime Salem W. Ross had died and the action was revived in the name of his personal representative. The master commissioner reported a settlement of the matters between the partners, and all exceptions to the report were overruled. Neither party is complaining upon that score. It should be noted, however, in view of certain claims to be presently discussed, that A. D. Ross, in the settlement of the partnership, was allowed nothing for the money he had borrowed and put into the firm property. Obviously, this was on the assumption that such claims would constitute partnership debts. If they were to be treated as individual debts, then A. D. Ross would be entitled to have returned to him the amount which he had borrowed and put into the firm property. The case was again referred to the master commissioner to ascertain and report on the claims filed against the partnership. He received the formal proofs of claims and

586

the testimony offered thereon, and made a report allowing all claims filed. Upon exceptions to the report the circuit court rejected three of the claims as follows: (1) Claim of the Citizens' National Bank upon a note for $2,430.80 with interest from June 30, 1927; (2) claim of G. W. Ross upon a note for $1,000 with interest from August 26, 1919; (3) the claims of R. M. Ross arising upon three separate notes, one for $994 with interest from February 4, 1921, less certain credits, one note for $554.84 with interest from July 1, 1925, less certain credits, and another note for $514 with interest from January 1, 1925. The Citizens' National Bank note was signed by G. W. Ross as surety. The master commissioner found as a fact that these three claims were for money lent A. D. Ross to pay the original owners the purchase price of the partnership lands, and that he had used it for that purpose. The present appeal is prosecuted from the judgment of the circuit court disallowing the three claims.

It is ably argued that the judgment may be soundly supported upon any one or all of three different grounds, which are: (a) That the testimony of A. D. Ross is incompetent: (b) that if competent, the testimony is too vague and uncertain to support the finding that the money lent to A. D. Ross went into the partnership property; and (c) that even if the partnership did receive the benefit of such funds, the partnership assets are not liable if the money was borrowed by one partner in his individual capacity and not upon the credit of the partnership. It is apparent that the case required either that A. D. Ross be given the money invested in the lands, although borrowed by him, or that the notes given by him for money borrowed and put into the partnership should be treated as firm obligations. A. D. Ross was carrying on the business which required considerable capital. In order to buy the lands, and to operate the business, it was necessary to use his credit, and considerable money was borrowed by A. D. Ross to meet such obligations. It does not appear, and is not intimated, that A. D. Ross was doing any other business or that he invested money in any other enterprise. The losses are accounted for by the drop in land values. At the sale of the partnership lands which had cost $13,725, less than $8,000 was realized. It is true the money was borrowed by A. D. Ross individually, but the title to the partnership property was then in his name. If the notes should be considered

as personal debts, they would be payable out of the assets in his possession and standing in his name. When the judgment of this court took the assets from A. D. Ross individually and put them into a partnership relation, it necessarily carried with it the debts which had been incurred in creating the assets and conducting the business. Geo. Bohon Co. v. Moren & Sipple, 151 Ky. 811, 152 S. W. 944. It would be unjust to hold that the assets should be taken from one and given to the partnership without requiring the debts incurred for the property to be paid. When the debts were incurred and the property acquired, Salem W. Ross was a dormant partner. But the fact was not known until this court so announced. Indeed, he did not cnsider himself a partner, as the suits he filed were based upon a different theory. This court, however, decided from the transactions and circumstances shown that the relationship essentially was one of partnership, and directed it to be settled upon that basis. It necessarily contemplated that the property should be considered as firm assets and the obligations incurred in good faith by the ostensible partner in buying or improving the property of the partnership should be treated as firm debts. Merchants' Bank v. Thomas (C. C. A.) 121 F. 306; How v. Kane, 2 Pin. (Wis.) 531, 54 Am. Dec. 152. But it is said that A. D. Ross as one of the partners was interested in having the debts paid out of the partnership assets, and consequently he was testifying for himself as to these particular claims. It may be true that indirectly A. D. Ross was testifying for himself within the meaning of section 606, subsection 2, of the Civil Code. Farris' Ex'rs v. Blue, 226 Ky. 225, 10 S. W. (2d) 840. But that fact alone does not forbid him from testifying. A person is forbidden from testifying for himself "concerning any verbal statement of, or any transaction with or any act done or omitted to be done by . . . one who is . . . dead when the testimony is offered to be given except for the purpose, and to the extent, of affecting one who is living, and who, when over fourteen years of age and of sound mind, heard such statement, or was present when such transaction took place, or when such act was done or omitted, unless . . . an agent of the decedent . . . with reference to such act or transaction, . . . be living when such person offers to testify, with reference thereto." The testimony of A. D. Ross in this case was

to the effect that he had borrowed the money from the claimants, executed the notes therefor, and had invested the proceeds in the business and the lands which were afterwards held to constitute partnership property. No verbal statement of Salem W. Ross was mentioned. No transaction with him was suggested. No act done or omitted by him was involved. The witness was not precluded from testifying to facts not within the letter or spirit of the prohibition defined by the Civil Code. In Chenault v. Thomas, 119 Ky. 130, 83 S. W. 109, 110, 26 Ky. Law Rep. 1029, the court said: "The testimony of appellee in his own behalf is not within the inhibition of section 606 of the Civil Code of Practice because B. F. Chenault was dead at the time the deposition was taken. Appellee testified to no conversation or transaction had with, or any act done or omitted by, the dead man, and therefore the section of the Code has no application." See also Wright v. Hawes (Ky.), 121 S. W. 611; Marcum v. Marcum, 154 Ky. 401, 157 S. W. 1101; Newberry v. Rhinehart, 159 Ky. 513, 167 S. W. 674; Sisk v. Sisk, 192 Ky. 672-678, 234 S. W. 296; Bromley v. Washington Life Ins. Co., 122 Ky. 402, 92 S. W. 17, 28 Ky. Law Rep. 1300, 5 L. R. A. (N. S.) 747, 121 Am. St. Rep. 467, 12 Ann. Cas. 685.

The partnership relation is one of mutual agency (Carter v. Tucker, 205 Ky. 438, 266 S. W. 9; Geo. Bohon Co. v. Moren & Sipple, 151 Ky. 811, 152 S. W. 944; Chambers v. Johnston, 180 Ky. 73, 201 S. W. 488), and so long as the active partner with whom the claimants contracted is living, all are competent witnesses to prove such facts. On the contrary, if the active agent is dead, parties may not testify for themselves as to any conversations or transactions with the deceased agent. Harpending v. Daniel, 80 Ky. 449; Mutual Life Ins. Co. v. O'Neil, 116 Ky. 742, 76 S. W. 839, 25 Ky. Law Rep. 983; Anderson v. L. & N. R. Co., 134 Ky. 343, 120 S. W. 298, 20 Ann. Cas. 920; C. N. O. & T. P. R. Co. v. Martin, 146 Ky. 260, 142 S. W. 410. The testimony was uncontradicted that the money was borrowed by A. D. Ross in the conduct of the business which was afterwards adjudged to be a partnership business. No question is made as to the validity of the debts. No proof was offered tending to suggest that they were the personal debts of A. D. Ross apart from the business in which he and his grandfather were engaged. Indeed, the testimony shows that the money borrowed from the bank was used

to build a house on the partnership lands. The evidence is not vague or uncertain, but positive and direct, and there is nothing at all to indicate a contrary conclusion. We think the commissioner's report was fully sustained by the evidence and that the circuit court erred in sustaining the exceptions to it.

But it is argued that even though the money was borrowed by A. D. Ross for the purpose and actually used in the partnership business, it is nevertheless an individual debt because the credit was extended to him and his notes were taken to evidence the contract. It has been noted that when the obligations were created A. D. Ross was acting in his individual capacity as owner of the property and manager of the business and the title to the property was in him. But when it was determined that it was a partnership business, his acts respecting it became partnership transactions. The fact of the partnership is the essential thing, and the name in which the business was transacted is wholly immaterial. Faris v. Cook, 110 Ky. 867, 62 S. W. 1043, 63 S. W. 600, 23 Ky. Law Rep. 328. It is not a case where a person borrows money and gives his note therefor to invest in a partnership. Nor is it an attempt to hold a partnership liable for the personal debt of a partner. It comes within the rule that where a party does business with an agent for an undisclosed principal and afterwards discovers the principal, he may hold the principal for the debt. Geary v. Taylor, 166 Ky. 501, 179 S. W. 426. In this instance A. D. Ross, as it later turned out, was acting as agent for a firm, and the creditors had a right to hold the firm responsible. The true relationship of all parties to the transactions had to be shown. The form of the transactions could not be disregarded for the purpose of taking the assets, and maintained for the purpose of defeating the debts. Winston & Co. v. Clark County Construction Co., 186 Ky. 748, 217 S. W. 1027; Walker v. Walker, 228 Ky. 357, 15 S. W. (2d) 298.

It is apparent that the circuit court erred in disallowing the three claims mentioned. They should be paid from the funds arising from the firm assets.

The judgment is reversed for proceedings consistent with this opinion.